Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

EMERSON WEBB; and all others
similarly situated,

        Plaintiff,

    vs.

UNIFUND CCR Partners, a limited
Liability Company; SUTTELL &
ASSOCIATES P.S., a Washington
Professional Service Corporation; and
ISAAC HAMMER and JANE DOE
HAMMER, husband and wife; and KIM
KENNEY,

        Defendants.

Case No.: **CV-09-81-RHW**

COMPLAINT

[FDCPA-CLASS ACTION]

    Plaintiff Emerson Webb, suing on his behalf and the behalf of all others

similarly situated, by and through their attorney, Michael D. Kinkley of Michael D.

Kinkley, P.S., alleges the following:

## I. COMPLAINT – CLASS ACTION

    1.1.    This is an action for damages and remedies against defendants, Unifund

        CCR Partners, a limited Liability Company ("Unifund"), Suttell &

COMPLAINT  -1

Associates, P.S., a Washington Professional Service Corporation; Isaac

Hammer and Jane Doe Hammer, husband and wife; and Kim Kenney

pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. §1692, et

seq., ("FDCPA"); for damages and remedies pursuant to the Washington

State Consumer Protection Act (RCW 19.86 et seq.) ("WCPA"); for

damages and remedies for unlawful debt collection practices; for

damages and remedies pursuant to the State of Washington Collection

Agency Act, RCW 19.16, ("WCAA").

## II. JURISDICTION & VENUE

2.1.    Jurisdiction of this Court arises under 15 U.S.C. §1692k (d), 28 U.S.C.

§1337, and 28 U.S.C. §1331. Supplemental jurisdiction exists for state

law claims pursuant to 28 U.S.C. §1367. Declaratory relief is available

pursuant to 28 U.S.C. §2201 and §2202.

2.2.    Venue is proper in this District under 28 U.S.C. §1391(b) because the

Defendants conduct affairs and transact business in this District, and a

significant portion of the unlawful acts giving rise to this Complaint

occurred in this District, and the plaintiffs reside within the territorial

jurisdiction of the court.

COMPLAINT -2

## III. FEDERAL QUESTION SUBJECT MATTER JURISDICTION

3.1.    Plaintiff Emerson Webb is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a(3). He is an individual.

3.2.    Defendant Unifund, was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.3.    Defendant Suttell & Associates, P.S., was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. §1692a(5).

3.4.    Defendant Isaac Hammer was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

3.5.    Defendant Kim Kenney was attempting to collect a "debt" as defined by FDCPA, 15 U.S.C. § 1692a(5).

3.6.    The alleged debt was an alleged obligation of plaintiff to pay money arising out of a transaction primarily for personal, family, or household purposes.

3.7.    All credit card charges defendants alleged that Plaintiff Webb owed were for personal purposes.

3.8.    Defendant Unifund is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.9.    Defendant Unifund uses interstate commerce or the mails for the collection of debts.

COMPLAINT -3

3.10.   The principle purpose of Unifund's business is the collection of debts.

3.11.   Defendant Unifund regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.12.   Defendant Suttell & Associates, P.S., is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.13.   Defendant Suttell & Associates, P.S., regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.14.   Defendant Isaac Hammer is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.15.   Defendant Isaac Hammer regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.16.   Defendant Kim Kenney is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

3.17.   Defendant Kim Kenney regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another using the telephone and mail.

3.18.   Unifund is a "collection agency" as defined by RCW 19.16.100(2).

COMPLAINT -4

3.19.   Unifund is not properly licensed as required by Washington law.

## IV. PARTIES

4.1.    Now, and at all relevant times, Plaintiff Emerson Webb was a resident of the State of Washington residing within the territorial jurisdiction area of the United States District Court for the Eastern District of Washington.

4.2.    Defendant Unifund is a Limited Liability company, engaged in the business of collecting debts within the State of Washington; which debts were originally owed to another.

4.3.    The principle purpose of Unifund's business activities within the jurisdiction of this court is the collection of debts originally owed another using the mail and telephone, and defendant regularly attempts to collect debts alleged to be due another or originally owed to another. Defendant Unifund  is doing business as a "debt collector" in the Eastern District of Washington of the United States District Court as defined by the FDCPA, 15 U.S.C. § 1692a(6).

4.4.    Defendants Suttell and Associates P.S., and Isaac Hammer are the attorneys for Defendant Unifund.

4.5.    Defendants Suttell & Associates, P.S., and Isaac Hammer, approved the form of the state court complaint requesting attorney fees filed against

COMPLAINT  -5

Plaintiff Webb and the collection system using that complaint and/or the Motion and Affidavit for Default Judgment.

4.6.    Isaac Hammer is an employee of Suttell & Associates, P.S. All acts done by Isaac Hammer were done on his behalf, on behalf of the marital community, on behalf of Suttell & Associates, P.S., and on behalf of Unifund.

4.7.    Kim Kenney is an employee of Unifund. All acts done by Kim Kenney were done on her behalf, and on behalf of Unifund.

4.8.    All acts done by Suttell & Associates, P.S., were done on its own behalf, and on behalf of Unifund.

## V. FACTS

5.1.    On September 17, 2008, Defendant Unifund, Suttell & Associates, P.S., and Isaac Hammer filed a Complaint against Emerson Webb ("Webb Complaint"), in Washington State Superior Court, Spokane County, Case No.: 08-204313-9 ("Webb Collection Lawsuit").

5.2.    The Webb Collection Lawsuit was an attempt to collect an alleged credit card debt.

5.3.    The Webb Complaint alleged that Unifund is the assignee of Palisades and the proper part to bring this action.

5.4.    The Webb Complaint prays for judgment in the amount of $8,666.80.

COMPLAINT  -6

5.5.    The Webb Complaint claims the amount prayed for was based on an obligation of Plaintiff Webb bearing the original account number 5396820025928765.

5.6.    On September 17, 2008, Defendant Unifund filed a Motion and Declaration for Default Judgment in the Webb Collection Lawsuit ("Webb Default Judgment Motion and Declaration"). EX 1.

5.7.    The Webb Default Judgment Motion and Declaration states at ¶ 6, "There is justly due and owing to plaintiff in the above referenced action a sum certain as set forth in the Complaint in the amount of $8,666.80, together with interest accruing at the rate of 12.0000% until the date of judgment."

5.8.    Plaintiff Webb did not owe $8,8666.80.

5.9.    The principle amount demanded in the Webb Complaint is not the same principle amount sought in the Motion for Default Judgment.

5.10.   The Webb Default Judgment Motion and Declaration states at ¶ 7, "Plaintiff is entitled to its costs and attorney's fees pursuant to contract and/or statute. Declarant states that the sum of $650.00 is a reasonable sum as and for plaintiff's attorney's fees in the even judgment is rendered on this Motion."

COMPLAINT  -7

5.11.   The Webb Default Judgment Motion requests a sum certain as set forth in the complaint of $4,404.65.

5.12.   Plaintiff Webb did not owe $4,404.65.

5.13.   The amount set forth in the complaint was not 4,404.65.

5.14.   The sum of $650.00 is not a reasonable attorney fee.

5.15.   Defendants, in the Webb Collection Lawsuit did not comply with Washington law in requesting the $650.00 attorney fee.

5.16.   Defendant Suttell and Associates regularly requests a flat unlawful attorney's fees of $650.00.

5.17.   The $650.00 attorney fee is a part of defendant Suttell & Associates form Default Judgment package.

5.18.   Isaac Hammer signed the Motion and Declaration for Default Judgment in the Webb Collection Lawsuit under the following oath, "Declarant states that the foregoing statements are true and correct to the best of his/her knowledge and belief and are made subject to the penalties of perjury under the laws of the State of Washington."

5.19.   Attached to the Motion and Declaration for Default Judgment is a document titled, "Affidavit of Indebtedness" which is signed by Kim Kenney, Media Supervisor of Unifund CCR Partners."

COMPLAINT -8

5.20.   In the "Affidavit of Indebtedness", Kim Kenny swears under oath, "There is due and payable from EMERSON J WEBB JR, Account 5396820025928765, the amount of $12,813.99"

5.21.   Plaintiff Webb did not owe $12,813.99.

5.22.   In the "Affidavit of Indebtedness", Kim Kenny swears under oath, "This account was issued under the name of CITIBANK SOUTH DAKOTA NA and acquired from Citibank (South Dakota) NA."

5.23.   Unifund is not the original creditor of the alleged debt which is the subject of the Webb Collection Lawsuit.

5.24.   Kim Kenney is an employee of Unifund.

5.25.   Defendant Isaac Hammer was aware or should have been aware that Kim Kenney is an employee of Unifund.

5.26.   Kim Kenney is not an employee of Citibank South Dakota, N.A.

5.27.   Isaac Hammer was aware or should have been aware that Kim Kenney is not an employee of Citibank South Dakota, N.A.

5.28.   Kim Kenney is not an employee of Citibank USA National Association.

5.29.   Isaac Hammer was aware or should have been aware that Kim Kenney is not an employee of Citibank USA National Association.

COMPLAINT -9

5.30.   Attached to the "Affidavit of Indebtedness" is a document which purports to be a statement from "AT&T Universal Card" ("AT&T Statement").

5.31.   The AT&T Statement is demands payment of $4,889.65 from Plaintiff Emerson Webb on account number 5396820025928765 by April 3, 2006.

5.32.   The amount of $4,889.65 demanded by the AT&T Statement is different from $12,813.99, the amount demanded in the sworn "Affidavit of Indebtedness" by Kim Kenny. .

5.33.   The amount of $4,889.65 demanded by the AT&T Statement is different from $8,666.80, the amount demanded in the Complaint.

5.34.   Plaintiff Webb did not owe $4,889.65.

5.35.   Kim Kenney has no personal knowledge of any agreement between "the original creditor" and Emerson Webb.

5.36.   Isaac Hammer was aware or should have been aware that Kim Kenney has no personal knowledge of any agreement between "the original creditor" and Emerson Webb.

5.37.   The Webb Complaint was generated by computer software which merges data into a pre-made form Complaint.

5.38.   Defendant Isaac Hammer did not meaningfully review the Webb Complaint before signing and causing it to be filed.

COMPLAINT -10

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.39.   Attached to the Affidavit of Kim Kenney is a document titled "ASSIGNMENT" ("4th Assignment") purporting to assign "certain receivables" from Palisades Collection, LLC to Unifund CCR Partners, effective March 28, 2003.

5.40.   The 4th Assignment does not reference account number 5396820025928765, or any account purported to belong to Plaintiff Emerson Webb.

5.41.   Account number 5396820025928765 did not exist on May 28, 2003, the date the 4th Assignment became effective.

5.42.   Attached to the Affidavit of Kim Kenney is a document titled "ASSIGNMENT" ("3rd Assignment") purporting to assign "certain receivables" from Cliff's Portfolio Acquisition I, LLC to Palisades Collection, LLC, effective May 28, 2003.

5.43.   The 3rd Assignment does not reference account number 5396820025928765, or any account purported to belong to Plaintiff Emerson Webb.

5.44.   Account number 5396820025928765 did not exist on May 28, 2003, the date the 4th Assignment became effective.

5.45.   Kim Kenny is not an employee of Cliff's Portfolio Acquisition I, LLC.

COMPLAINT -11

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

5.46.  Kim Kenny has no personal knowledge of the business practices of Cliff's Portfolio Acquisition I, LLC.

5.47.  Kim Kenny is not an employee of Palisades Collection, LLC.

5.48.  Kim Kenny has no personal knowledge of the business practices of Palisades Collection, LLC.

5.49.  The Declaration of Kim Kenny is false in that she swears, under oath, to have personal knowledge with respect to the 3rd assignment.

5.50.  Attached to the Affidavit of Kim Kenney is a document titled "BILL OF SALE" ("2nd Assignment") purporting to assign "Cliff's Subpool as defined in the Agreement" from Unifund Portfolio A, LLC, an Ohio limited liability company to Cliff's Portfolio Acquisition I, LLC, effective August 30, 2007.

5.51.  The 2nd Assignment does not reference account number 5396820025928765, or any account purported to belong to Plaintiff Emerson Webb.

5.52.  Kim Kenney alleged in the Affidavit of Indebtedness she is an employee of Unifund CCR Partners.

5.53.  The 2nd Assignment postdates the subsequent 3rd and 4th assignments.

5.54.  Kim Kenny is not an employee of Unifund Portfolio A, LLC, an Ohio limited liability company.

COMPLAINT -12

5.55.   Kim Kenny has no personal knowledge of the business practices of Unifund Portfolio A, LLC, an Ohio limited liability company.

5.56.   The Declaration of Kim Kenny is false in that she swears, under oath, to have personal knowledge with respect to the 2nd assignment.

5.57.   Attached to the Affidavit of Kim Kenney is a document titled "BILL OF SALE, ASSIGNMENT AND ASSUMPTION AGREEMENT" ("1st Assignment") purporting to assign "Accounts described in Section 1.2 of the Agreement" from Citibank (South Dakota), N.A. to Unifund Portfolio A, LLC, an Ohio limited liability company, effective August 29, 2007.

5.58.   The 1st Assignment does not reference account number 5396820025928765, or any account purported to belong to Plaintiff Emerson Webb.

5.59.   The 1st Assignment postdates the subsequent 3rd and 4th assignments.

5.60.   Kim Kenny is not an employee of Citibank (South Dakota), N.A.

5.61.   Kim Kenny has no personal knowledge of the business practices of Citibank (South Dakota), N.A.

5.62.   The Declaration of Kim Kenny is false in that she swears, under oath, to have personal knowledge with respect to the 1st assignment.

5.63.   Attached to the Declaration of Kim Kenny is a document titled "Cardmember Agreement".

COMPLAINT -13

5.64.   The "Cardmember Agreement" is a document alleged to be an agreement between Plaintiff Emerson Webb and Universal Bank, N.A. for use of an AT&T Universal Card.

5.65.   Kim Kenny is not an employee of Universal Bank, N.A.

5.66.   Kim Kenny has no personal knowledge of the business practices of Universal Bank, N.A.

5.67.   The Declaration of Kim Kenny is false in that she swears, under oath, to have personal knowledge with respect to the Universal Bank, N.A.

5.68.   On September 30, 2008, an Order of Default Judgment was entered in the Webb Collection Lawsuit ("Webb Default Judgment").

## VI. DEFENDANTS PRACTICES

6.1   Defendants Unifund use computer technology to collect or attempt to collect debts.

6.2   Defendants Suttell & Associates P.S., use computer technology to collect or attempt to collect debts.

6.3   Defendants Unifund use a computer program or database to organize, and sort by each debtor, information about a debtor and about any debts the debtor is claimed to owe.

COMPLAINT -14

6.4    Defendants Suttell & Associates P.S., use a computer program or database to organize, and sort by each debtor, information about a debtor and about any debts the debtor is claimed to owe.

6.5    Defendants Unifund collected or attempted to collect debts in excess of the amount owed using false affidavits for default and or summary judgment in state court.

6.6    Defendants Suttell & Associates P.S., collected or attempted to collect debts in excess of the amount owed using false affidavits for default and or summary judgment in state court.

6.7    Defendants Unifund has standardized procedures and used standardized forms to collect debts.

6.8    Defendants Suttell & Associates P.S., has standardized procedures and used standardized forms to collect debts.

6.9    The request for attorney fees in the Webb Complaint was created using a standardized form or template.

6.10   The template which was used to create the request for attorney fees in the Webb Complaint is part of the computer program or database used by Unifund and Suttell & Associates P.S., as a collection system.

6.11   The Webb Motion and Affidavit for Default Judgment was created using a standardized form or template.

COMPLAINT -15

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

6.12   The template which was used to create the Webb Motion and Affidavit for Default Judgment is part of the computer program or database used by Suttell & Associates P.S., as a collection system.

6.13   The Webb Motion and Affidavit for Default Judgment was created by merging data information from the collection database into the standardized template.

6.14   During 2005, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, sued or threatened to sue for an unlawful $650 attorney fee more than 200 debtors in the State of Washington.

6.15   During 2006, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, sued or threatened to sue for an unlawful $650 attorney fee more than 200 debtors in the State of Washington.

6.16   During 2007, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, sued or threatened to sue for an unlawful $650 attorney fee more than 200 debtors in the State of Washington.

6.17   During 2008, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, sued or threatened to sue for an unlawful $650 attorney fee more than 200 debtors in the State of Washington.

COMPLAINT -16

6.18   During 2009, Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, sued or threatened to sue for an unlawful $650 attorney fee more than 200 debtors in the State of Washington.

6.19   Unifund created the template Affidavits of Indebtedness signed by Kim Kenney.

6.20   Unifund used Kim Kenney's Affidavit of Indebtedness more than 200 times in 2005.

6.21   Unifund used Kim Kenney's Affidavit of Indebtedness more than 200 times in 2006.

6.22   Unifund used Kim Kenney's Affidavit of Indebtedness more than 200 times in 2007.

6.23   Unifund used Kim Kenney's Affidavit of Indebtedness more than 200 times in 2009.

6.24   Unifund used Kim Kenney's Affidavit of Indebtedness more than 200 times in 2005.

6.25   Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, make other collection efforts following the filing off the complaint against debtors in the State of Washington.

## VII. CLASS ALLEGATIONS

7.1   This action is brought on behalf of a class consisting of:

COMPLAINT -17

a)    all persons in the state of Washington;

    (i) who were served with a Complaint or against whom a motion

    and affidavit for default was filed, which Complaint or motion

    and affidavit for default sought an unreasonable attorney fee in

    an amount not allowed by law; and/or

    (ii) against whom defendants' attempted to collect an alleged debt

    though the use of a false affidavit.

b)    The class period for the FDCPA claims is one year prior to the date

of filing this action.  The class period for the WCPA and WCAA is

the four-year period prior to the date of the filing of this Complaint.

7.2    The class is sufficiently numerous that joinder of all members is

impractical.  This assertion is based upon the fact that defendant served

and filed hundreds of form Complaints and Affidavits/Declarations in

support of default judgment seeking an unreasonable flat rate attorney fee

against consumers in the State of Washington in an attempt to collect an

alleged debt. There are questions of law and fact common to the class,

which questions predominate over any questions peculiar to individual

class members.  The principal issues include whether defendants violated

the FDCPA , WCAA, and the WCPA by:

COMPLAINT -18

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

a) Attempting to collect an amount in excess of that allowed by law or contract;

b) Using false representations or deceptive means to collect or attempt to collect a debt;

c) Whether Washington law allows the addition of such fees and/or costs;

d) Whether defendants were collecting in an amount in excess of that allowed by law.

e) Whether defendants were seeking unreasonable attorney's fees.

f) Whether defendants were seeking attorney's fees in an amount greater than that allowed by law.

g) Whether defendants were presenting false and misleading Affidavits in an attempt to collect an alleged debt.

7.3 There are no individual questions, other than issues which can be determined by a ministerial inspection of defendants' records. There are no individual questions peculiar to individual class members.

7.4 Plaintiff has the same claims as the members of the class. All of the claims are based on the same factual and legal theories.

7.5 Plaintiff will fairly and adequately represent the interest of the class members.  They are committed to vigorously litigating this matter.

COMPLAINT -19

Plaintiff has retained counsel experienced in prosecuting class actions and claims involving unlawful collection matters. Neither the Plaintiff nor their counsel have any interests which might cause them not to vigorously pursue this claim.

7.6   A class action is a superior method for the fair and efficient adjudication of this controversy.

7.7   Class wide damages are essential to induce defendants to comply with the law.

7.8   The interest of the class members in individually controlling the presentation of separate claims against the defendants is small because the maximum statutory damages in an individual FDCPA action are $1000.00.

7.9   Certification of a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure is appropriate. A class action is the only appropriate means of resolving this controversy because the class members are not aware of their rights.  In the absence of a class action, a failure of justice will result.

7.10  Certification of a class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure is also appropriate. Defendants have acted on grounds

COMPLAINT  -20

generally applicable to the class, thereby making appropriate declaratory

relief with respect to the class as a whole.

## VIII. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

8.1.    The debt collector Defendants, through their own acts, by and through

their agents and employees, and their policies and procedures, have

violated the FDCPA which has caused damage to Plaintiffs.

8.2.    The Defendants falsely represented the character, amount, and/or legal

status of the alleged debt, violating 15 USC § 1692e, 15 USC §

1692e(2)(A), and other provisions of the FDCPA.

8.3.    The debt collector defendants made misleading and deceptive statements

in the collection of a debt in violation of 15 USC § 1692e.

8.4.    Defendants have used unfair or unconscionable means to collect or

attempt to collect a debt in violation of 15 USC § 1692f including but not

limited to 15 USC § 1692f (1).

8.5.    Defendants have collected or attempted to collect collection charges,

interest and attorney fees in excess of the collection charges, interest and

attorney fees allowed by law, in violation of 15 USC § 1692f, 15 USC §

1692f(1), and other provisions of the FDCPA.

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

8.6.    Defendants collected or attempted to collect amounts which were neither expressly authorized by an agreement, nor permitted by law, in violation of 15 USC § 1692f, 15 USC § 1692f(1), and other provisions of the FDCPA..

8.7.    The Defendants violation of the FDCPA has caused actual Damages to the Plaintiffs and members of the class.

## IX. VIOLATION OF THE WASHINGTON COLLECTION AGENCY ACT

9.1.    Defendant Unifund is a "collection agency" as defined by RCW 19.16.100(2).

9.2.    Defendant Unifund uses computer collection software to collect debts.

9.3.    The policy, procedures, practices and computer collecting software used by Unifund result in the creation and mailing of certain writings and the creation of information to base a lawsuit in a certain order.

9.4.    The information and forms used by Defendant Unifund from September of 2003 to the – present were approved for use by Defendant Suttell & Associates P.S.

9.5.    Defendant Unifund and its defendant employees are in violation of RCW 19.16.250(14), 19.16.250(15), 19.16.250(18), and other sections of RCW 19.16. including but not limited to RCW 19.16.250.

COMPLAINT -22

9.6.  Unifund is not properly licensed as a collection agency as required by the WCAA and the Washington State Department of Licensing.

9.7.  Unifund is collecting debts without a license in violation of the WCAA.

9.8.  Unifund is filing lawsuits without properly being a valid Washington Corporation.

9.9.  Unifund is filing lawsuits without properly being a Qualified Foreign Incorporation.

9.10.  A violation of the Washington Collection Agency Act is a per se violation of the Washington State Consumer Protection Act (RCW 19.16.440).

## X. VIOLATION OF THE CONSUMER PROTECTION ACT

10.1.  All Defendants violated the Washington Consumer Protection Act ("WCPA").

10.2.  The WCPA requires that all collection agents and debt collectors abstain from unfair or deceptive practices or acts and unfair methods of competition.

COMPLAINT  -23

10.3.   A Violation of the Washington State Collection Agency Act is a per se violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

10.4.   Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections is an unfair act or practice and/or an unfair method of competition in the conduct of trade or commerce.

10.5.   Unifund's violation of the WCAA are a per se violation of the WCPA.

10.6.   Any violation of the Washington State Collection Agency Act (WCAA) prohibited practices section, RCW 19.16.250 or licensing sections affects the public interest in violation of the Washington State Consumer Protection Act.  (RCW 19.16.440).

10.7.   Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices,  and unfair methods of competition that have caused injury to the plaintiff.

10.8.   Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney have engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

COMPLAINT  -24

10.9.  Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney are each in the business of debt collection in trade or commerce.

10.10. Unlawful and Unfair Debt Collections is against public interest.

10.11. The defendant's actions were the direct cause of injury to plaintiff's property.

10.12. The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiffs and other similarly situated to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

10.13. Defendant Unifund has violated the WCAA including but not limited to the prohibited practices section (RCW 19.16.250).

10.14. Defendant Unifund has violated the WCAA including but not limited to failing to obtain and maintain a license as required by RCW 19.16.110.

10.15. Defendant Unifund has violated the Washington Administrative Code governing the actions of collection agencies.

10.16. The business of collection agencies, as well as all acts and practices of collection agencies, debt collectors, are subject to the Consumer Protection Act, RCW 19.86 and subsequent sections.

COMPLAINT -25

10.17. The Consumer Protection Act of the State of Washington requires that all collection agents, debt collectors, abstain from unfair or deceptive practices or acts and unfair methods of competition.

10.18. Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney, personally and/or by and through their agents and employees, policies and procedures, have engaged in deceptive acts and practices, unfair acts and practices, and unfair methods of competition that have caused injury to the plaintiffs.

10.19. Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney have engaged in unfair and deceptive acts and practices in attempting to collect an alleged debt from the plaintiff.

10.20. Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney is in the business of debt collection in trade or commerce.

10.21. Unlawful and Unfair Debt Collections is against public interest.

10.22. Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney actions were the direct cause of injury to plaintiff's property.

10.23. The violations have harmed and unless enjoined will continue to harm the public interest by causing Plaintiffs and other similarly situated to pay collection charges that are unfair deceptive, unlawful, and an unfair method of competition.

COMPLAINT -26

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

10.24. Defendant Suttell & Associates is a for profit corporation.

10.25. The entrepreneurial acts and practices of an attorney are subject to the Washington Consumer Protection Act, RCW 19.16 and subsequent sections.

10.26. The Washington Consumer Protection Act requires that all attorney's engaging in the entrepreneurial acts and practices abstain from unfair or deceptive practices or and unfair methods of competition.

10.27. Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney use unfair and deceptive practices to create unfair and deceptive charges as legal fees, to collect unfair and deceptive fees, to bill unfair and deceptive fees, to determine unfair and deceptive fees.

10.28. Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney use unfair and deceptive acts and practices to obtain and retain clients.

10.29. The violations of the WCPA against L Defendants Unifund, Suttell & Associates P.S., Isaac Hammer, and Kim Kenney are based on entrepreneurial aspects of the practice of law.

## XI. DEMAND

WHEREFORE, plaintiff demands judgment as follows:

11.1.  Actual damages;

COMPLAINT  -27

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

11.2.  Statutory damages pursuant to the FDCPA, 15 U.S.C. § 1692k(a)(2).

11.3.  Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. §1692k(a)(3);

11.4.  Costs and reasonable attorney's fees pursuant to the Washington Consumer Protection Act, RCW 19.86;

11.5.  Treble damages pursuant to the Washington Consumer Protection Act, RCW 19.86;

11.6.  Declaratory Judgment that defendants' practices violate the Fair Debt Collection Practices Act and/or the Washington Consumer Protection Act; and/or the Washington Collection Agency Act.

11.7.  Disgorgement of all money collected by defendants from members of the class;

11.8.  Disgorgement pursuant to RCW 19.16.450 of all interest, service charges, attorneys' fees, collection costs, delinquency charge or any other fees or charges otherwise legally chargeable to the debtor on such claim, collected by defendants from members of the class;

11.9.  Injunction prohibiting defendant from attempting to collect collection fees, interest, attorney fees and other charges unless allowed by law.

11.10. For such other and further relief as may be just and proper.

COMPLAINT -28

DATED this 13<sup>h</sup> day of March, 2009.

*Michael D. Kinkley P.S.*

/s Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff

COMPLAINT -29