1  JOHN D. MUNDING
2  CRUMB & MUNDING, P.S.
   The Davenport Tower
3  111 S. Post Street, PH 2290
4  Spokane, WA 99201
   (509) 624-6464
5

6  Attorneys for Defendant
7  Unifund CCR Partners, LLC.
   and Kim Kenney
8

9
                    UNITED STATES DISTRICT COURT
10
11          EASTERN DISTRICT OF WASHINGTON AT SPOKANE

12

13  EMERSON WEBB; and all others similarly )
    situated,                              )
14                                         )
                                           )   **Case No. 2:09-cv-00081-LRS**
15        Plaintiff,                       )
                                           )
16                                         )
        v.                                 )   DEFENDANTS' UNFUND
17                                         )   CCR PARTNERS' AND KIM
18  UNIFUND CCR Partners, *et al.*         )   KENNEY'S MEMORANDUM
                                           )   IN SUPPORT MOTION FOR
19        Defendants.                      )   DISMISSAL
20  _____ )

21

22  **I.    INTRODUCTION**

23        Plaintiff's allegations arise from a simple, state-court collection lawsuit

24  ("Collection Action") brought by Unifund.  (*See* Complaint at ¶ 5.1.)   In the
25
26  Collection Action, Unifund sought interest on the Plaintiff's debt at the statutorily-

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

prescribed rate.  (*Id.* at ¶ 5.7.)  Unifund also provided the sworn affidavit of its employee, Defendant Kim Kenney, which affirmed that Plaintiff owed the debt and that Unifund had the right to collect the debt. (*Id.* at ¶¶ 4.7, 5.19, 5.20.)  Unifund also sought a $650.00 attorney's fee. (*Id.* at ¶ 5.10.)

Plaintiff based his allegations on statements made in, and documents attached to Unifund's Complaint and its Motion and Declaration for Default Judgment filed in the Collection Action. (*Id.* at ¶¶ 5.1, 5.6 et seq.)  However, Plaintiff failed to apprise the Court of the key fact that the court in the Collection Action granted Unifund's Motion and entered judgment in its favor.  Instead of defending the Collection Action and asserting any counterclaims in that action, Plaintiff instead chose to try an end-run around the default judgment and filed this Complaint.  However, as set forth more fully below, Plaintiff's Complaint fails to state a claim on which relief may be granted. In addition, Plaintiff's state law claims are barred by the doctrine of res judicata. Accordingly, the Court should dismiss Plaintiff's Complaint in its entirety.

## II.    THE ALLEGATIONS IN PLAINTIFF'S COMPLAINT

The factual allegations in Plaintiff's Complaint are actually quite limited.  First, contrary to the State of Washington's public records, Plaintiff alleges that Unifund is a Limited Liability Company not properly licensed to collect debt in the State of Washington. (*See id.* at ¶¶ 3.19, 4.2).  Second, without pleading any factual support,

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

1   Plaintiff alleges that the affidavit executed by Ms. Kenney ("Affidavit of

2
    Indebtedness") and attached to the Motion and Declaration for Default Judgment was
3

4   false (*id.* at ¶¶ 5.19, 5.49, 5.56, 5.62, 5.67, 6.5) or lacked personal knowledge (*id.* at ¶¶

5   5.35, 5.46, 5.48, 5.55, 5.61, 5.66).    Third, even though the court in the Collection

6
    Action awarded Unifund a $650.00 attorney fee, Plaintiff alleges that Unifund could
7

8   not seek that fee and that $650.00 was an unreasonable fee request. (*Id.* at ¶¶ 5.14,

9   5.15.)    Fourth and finally, even though Unifund sought a lesser amount of interest

10
    from Plaintiff than it could have, Plaintiff complains that some documents filed in the
11

12  Collection Action state a greater amount owed by Plaintiff than what Unifund actually

13  sought. (*Id.* at ¶¶ 5.4, 5.7, 5.11, 5.20, 5.32, 5.33.)

14
        Without explaining how any of his factual allegations support the elements of
15

16  his claims, Plaintiff asserts that Unifund and Kenney violated:    (1) the Fair Debt

17  Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.*; (2) the Washington

18
    Collection Agency Act ("WCAA") R.C.W. § 19.16 *et seq.*; and (3) the Washington
19

20  Consumer Protection Act ("WCPA") R.C.W. § 19.86 *et seq.*  As discussed below, the

21  Court should dismiss each of these claims for failure to state a claim upon which relief

22
    may be granted.
23

24

25

26

MEMORANDUM IN SUPPORT OF
MOTION FOR DISMISSAL - 3

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

1  III.    **ARGUMENT**

2      A.    **Standard of Review**

3

4      A motion to dismiss under Civ.R. 12(b)(6) must be granted if, accepting all

5  well-pleaded allegations in the complaint as true and viewing them in the light most

6  favorable to Plaintiff, Plaintiff is not entitled to relief. *Simon v. Hartford Life Inc.*,

7

8  546 F.3d 661, 664 (9th Cir. 2008). A court is neither "required to accept as true

9  conclusory allegations that are contradicted by documents referred to in the

10  complaint," nor does a court have to "assume the truth of legal conclusions merely

11

12  because they are cast in the form of factual allegations." *Paulsen v. CNF Inc.*, 559

13  F.3d 1061, 1071 (9th Cir. 2009) (citation omitted). The purpose of such a motion is to

14

15  "streamline litigation by dispensing with needless discovery and fact finding." *Neitzke*

16  *v. Williams*, 490 U.S. 319, 326-27 (1989).

17      B.    **Documents**

18

19      A plaintiff may not avoid a motion to dismiss by failing to attach documents to

20  his complaint. *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007). A court may

21  take judicial notice of "matters of public record" without converting a motion to

22

23  dismiss into a motion for summary judgment. *MGIC Indem. Corp. v. Weisman*, 803

24  F.2d 500, 504 (9th Cir. 1986); *see also* Fed. R. Evid. 201. Accordingly, "a court may

25  consider a writing referenced in a complaint but not explicitly incorporated therein if

26

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

the complaint relies on the document and its authenticity is unquestioned." *Swartz,* 476 F.3d at 763 (quotations omitted); *see also Lazy Y Ranch Ltd. v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

Furthermore, a court may also refer to documents incorporated by reference into the complaint or matters of which a court may take judicial notice. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 127 S.Ct. 2499, 2509 (2007) (citing 5B Wright & Miller § 1357 (3d ed. 2004 and Supp. 2007)). In compliance with the foregoing cases, Unifund has concurrently filed the Declaration of John D. Munding ("Munding Decl.") attaching certain documents which Plaintiff referenced but refused to attach, or which are otherwise matters of judicial notice.

## C.    Plaintiff Failed to State a Claim Against Unifund and Ms. Kenney for a Violation of the FDCPA.

Plaintiff alleges that Unifund and Kenney violated the FDCPA by: falsely representing the character, amount, and/or legal status of the alleged debt; making misleading and deceptive statements in the collection of a debt; using unfair or unconscionable means to collect or attempt to collect a debt; collecting or attempting to collect collection charges, interest and attorney fees in excess of the collection charges, interest and attorney fees allowed by law; and collecting or attempting to collect amounts which were neither expressly authorized by an agreement, nor permitted by law. (Complaint ¶¶ 8.2-8.6.) Plaintiff's Complaint does not tie its

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

1    purported factual allegations to any specific provisions of the FDCPA. However,

2

3    even construing the allegations broadly, none of Plaintiff's assertions constitute

4    violations of the FDCPA.

5        **1.    Unifund is a Partnership Registered to Collect Debt in Washington.**

6
         This Court may take judicial notice of the fact that Unifund is a partnership
7
8    licensed at all relevant times to collect debt in the State of Washington. As such,

9    Plaintiff's allegation that Unifund is "not properly licensed" cannot form the basis of

10   an FDCPA claim. Unifund filed its collection complaint on September 17, 2008.

11
12   (Complaint, ¶ 5.1.) Attached as Exhibit A to the Munding Decl. is Unifund's out-of-

13   state collection agency license.    The Department of Licensing website at

14
     https://fortress.wa.gov/dol shows that Unifund's license is "Active" and was first
15
16   issued on February 13, 2006. The expiration date on the license is October 31, 2009.

17       Furthermore, the license lists Unifund's correct designation as "Unifund CCR

18
     Partners," as well as its two general partners. This conclusively refutes Plaintiff's
19
20   similar allegation that Unifund is a Limited Liability Company that is not properly

21   registered as a "Qualified Foreign Incorporation." *See* R.C.W. § 23B.01.400(13)

22
     (foreign corporation a corporation for profit incorporated under a law other than the
23
24   law of Washington); R.C.W. § 23B.15.010 *et seq.* (foreign corporation registration

25   requirements). (Complaint ¶¶ 4.2, 9.8, 9.9.)

26

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

2.    **Unifund and Ms. Kenney are Permitted to Rely on Information Provided by the Original Creditor and Intervening Assignees, and Plaintiff Never Alleged How Such Information Was False.**

Unifund attached the Affidavit of Indebtedness to its Motion for Default Judgment. (Complaint ¶ 5.19; *see also* Affidavit of Indebtedness attached as Exhibit B to the Munding Decl.)  In relevant part, that affidavit simply states that:  Ms. Kenney "is an authorized representative of Unifund CCR Partners;" "[t]here is due and payable from EMERSON J WEBB JR, Account Number 5396820025928765, the amount of $12813.99;" "[t]his account was issued under the name of CITIBANK SOUTH DAKOTA NA." (Complaint ¶ 5.20; Affidavit of Indebtedness.)  Attached were several documents, including assignments and bills of sale, that showed how Unifund obtained the right to collect the debt. (*Id.* at ¶¶ 5.39, 5.42, 5.50, 5.57.)

Plaintiff alleges that the Affidavit of Indebtedness is false, and that Kenney did not have personal knowledge of its contents or of the documents attached to it, simply because she is not employed by the original issuer of the debt or the intervening assignees. (*See* Complaint ¶¶ 5.35, 5.46, 5.49, 5.55, 5.62, 5.67.)  Plaintiff's allegations are conclusory, without any supporting factual basis.  With the possible exception of the "interest" allegations discussed below, Plaintiff failed to even allege how the affidavit is false.  The Complaint does not specifically plead that Plaintiff did not incur the debt, that Citibank did not issue him the relevant credit card, or that Unifund

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

did not have the right to collect the debt.  Instead, Plaintiff just pled that the affidavit is false, and nothing more.  Calling the affidavit false without alleging what about the affidavit is false is a conclusory allegation which the Court may not accept under the standard of review discussed above.

Likewise, the allegation that Kenney did not have personal knowledge of the information in the affidavit ignores all of the case law under the FDCPA holding that a debt collector may reasonably rely on information pertaining to the debt as reported by the original creditor or intervening assignees without having personal knowledge of the same.  *Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1177 (9th Cir. 2006).  *See also, Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324, 330-33 (6th Cir. 2006); *Jenkins v. Heintz*, 124 F.3d 824 (7th Cir. 1997).  Accordingly, simply alleging that Kenney lacked personal knowledge because she was not employed by Citibank or any subsequent assignee does not state an FDCPA violation. Plaintiff never alleged that Kenney failed to rely on information supplied by Citibank or any subsequent assignee, or that she could not legally do so.  Therefore, Plaintiff simply failed to plead an FDCPA violation.[1]

---

[1] Neither can Plaintiff challenge the assignment set forth in the Affidavit of Indebtedness. Washington law provides that the assignment of a claim to a validly licensed debt-collector "shall be conclusively presumed valid, if the assignment is filed in court with the complaint, unless objection is made thereto by the debtor in a written answer or in writing five days or more prior to trial." R.C.W. § 19.16.270.  Plaintiff did not plead that he challenged the assignment in the Collection

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155

Unifund already fought this same battle on a 12(b)(6) motion to dismiss and won. In *Rosales v. Unifund CCR Partners*, No. 08 C 3533, 2008 WL 5156681 (N.D. Ill. Dec. 5, 2008), the District Court dismissed a plaintiff's complaint challenging Ms. Kenney's affidavit as false and lacking personal knowledge. The District Court held that it was not enough to simply label the claim as an FDCPA claim to survive a motion to dismiss. Instead, the District Court properly characterized the plaintiff's argument as one alleging that the affidavit was procedurally defective under state law. Therefore, the appropriate vehicle for challenging the affidavit was in the state court collection action, not in a separate FDCPA action. *Id.* at 4-6. The District Court dismissed the claim, concluding that the FDCPA was not designed to "convert every violation of a state debt collection law into a federal violation." *Id.* at 5 (internal citations omitted).

The same result is required here. Plaintiff had the opportunity to challenge Ms. Kenney's affidavit in the Collection Action and, according to the publicly available record, failed to do so. It is inappropriate to do so now.

### 3. Plaintiff is Barred from Collaterally Attacking the Attorney Fee Award, Which Was Proper in Any Event.

Plaintiff's attorney fee claim is barred by the *Rooker-Feldman* doctrine. Federal

---

Action (and, in fact, he did not do so, having had a default judgment taken against him for failure to appear).

MEMORANDUM IN SUPPORT OF
MOTION FOR DISMISSAL - 9

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

1  District Courts, as courts of original jurisdiction, may not review the final

2  determinations of a state court. *See District of Columbia Court of Appeals v.*

3

4  *Feldman,* 460 U.S. 462, 482-86 (1983); *Rooker v. Fidelity Trust Co.,* 263 U.S. 413,

5  415-16 (1923).   Recently, the United States Supreme Court emphasized that the

6  *Rooker-Feldman* doctrine prohibits a District Court from hearing "cases brought by

7

8  state-court losers complaining of injuries caused by state-court judgments rendered

9  before the district court proceedings commenced and inviting district court review and

10  rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,*

11

12  544 U.S. 280, 283 (2005).

13      That is the case here.  Plaintiff neglected to plead that Unifund took a default

14  judgment against him.   A copy of that judgment is attached as Exhibit C to the

15

16  Munding Decl.  The judgment specifically awards Unifund $650.00 in attorneys fees.

17  The appropriate time to challenge the attorney fee award was in opposition to

18  Unifund's Motion for Default Judgment.  Plaintiff did not do so.  Under *Rooker-*

19

20  *Feldman,* Plaintiff may not now collaterally attack that judgment. Like in *Rosales,* the

21  time to attack the attorney fee award was in the Collection Action.[2]

22

23      [2] Likewise, if this case progresses any further, then at the appropriate stage of the litigation,

24  *Rooker-Feldman* will bar Plaintiff's requested relief to the extent he seeks "disgorgement" of money

25  collected from purported class members as a result of state court judgments.  Such judgments are not

26  subject to collateral attack in this Court.

MEMORANDUM IN SUPPORT OF
MOTION FOR DISMISSAL - 10

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

1    Even if *Rooker-Feldman* did not apply, Plaintiffs claims would fail. First, the
2    "reasonableness" of the attorney's fee requested by Unifund cannot be the basis of an
3
4    FDCPA claim.   Courts consistently reject Plaintiff's allegations.   *See Cheng v.*
5    *Messerli & Kramer, P.A.*, No. 06-3054, 2007 WL 1582714 at *2 (D.Minn. May 30,
6
7    2007); *Cisneros v. Neuheisel Law Firm, P.C.*, No. CV06-1467-PHX-DGC, 2008 WL
8    65608 at *4 (D.Ariz. Jan. 3, 2008)("The Court cannot conclude that Defendants'
9    complaint crossed the line from lawful to a violation of the FDCPA merely by
10   including the amount of fees Defendants claimed to be reasonable."); *Winn v. Unifund*
11
12   *CCR Partners,* No. CV 06-447, 2007 WL 974099 at *3 (D.Ariz. Feb. 13, 2007)
13   (where credit agreement provided for payment of reasonable attorney's fees, asking
14
15   for a specific amount of attorney's fees in a collection complaint did not violate the
16   FDCPA); *Bull v. Asset Acceptance, LLC*, 444 F.Supp.2d 946, 949-51 (N.D.Ind. 2006)
17   (same).

18    Second, the Motion for Default Judgment states that, "the sum of $650.00 is a
19
20   reasonable sum as and for plaintiff's attorney's fees in the event judgment is rendered
21   on this Motion."   (*Id.* at ¶ 5.10.)   Unifund did not assert that Plaintiff owed an
22
23   additional $650.00, but rather asked for such relief and stated that $650.00 was
24   reasonable.   (Complaint ¶ 5.10.)   This was not a misleading statement, not a
25   mischaracterization of the debt, and not an FDCPA violation.   *Cisneros*, 2008 WL
26

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

65608 at *3-4 (D.Ariz. Jan. 3, 2008) ("Defendants' request for attorneys' fees . . . cannot be construed as a direct charge to Plaintiff -- it merely conveyed to the [] court what Defendants claimed to be reasonable attorneys' fees.")

Third, a court may award attorney's fees based on a contract. R.C.W. § 4.84.330. In its Motion for Default Judgment, Unifund stated that "pursuant to contract and/or statute" Unifund could collect costs and attorney's fees. At pp. 8 and 10, the "Cardmember Agreement" between Plaintiff and Universal Bank, N.A. provides for attorney's fees (Complaint ¶¶ 5.63 and 5.64 referring to Cardmember Agreement attached to the Declaration supporting Motion for Default Judgment; *see also* Cardmember Agreement attached to the Munding Decl. as Exhibit D.) Accordingly, Unifund complied with Washington law.

### 4.    Differences in the Claimed Interest Rate Do Not Constitute a Violation of the FDCPA.

Plaintiff's Complaint purports to state a claim based on Unifund alleging different amounts owed on the debt at different times. The differing amounts result from two potential interest rates: (1) the State of Washington's maximum interest rate of 12% ("State Interest Rate"); and (2) the rate provided for under the original debt - 23.99% ("Contract Interest Rate"). The AT&T Universal Card Statement ("Statement"), which Unifund attached to the Affidavit of Indebtedness, states that Plaintiff owed $4,889.65 by April 3, 2006. (Complaint ¶ 5.30.) Notably, the

MEMORANDUM IN SUPPORT OF
MOTION FOR DISMISSAL - 12

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

1    Statement provides for interest at the Contract Interest Rate. (*See* Statement, attached

2    to the Munding Decl. as Exhibit E, pg. 4; *see also* Cardmember Agreement, Exhibit C,

3

4    pg. 3.) The Affidavit of Indebtedness states that Plaintiff owed $12,813.99. (*Id.* at ¶

5    5.20.)

6        Later, Unifund filed suit to collect the debt. (Complaint ¶ 5.1.) The Collection

7

8    Action complaint prays for judgment in the amount of $8,666.80. (*Id.* at ¶ 5.5.) The

9    Motion for Default Judgment also states that Plaintiff owed Unifund $8,666.80, plus

10    interest at the State Interest Rate. (*Id.* at ¶ 5.7.) In the Collection Action, Unifund

11

12    lawfully sought the underlying debt ($4,889.65) plus interest that had accrued at the

13    State Interest Rate. Together, the principal plus interest equaled $8,666.80. The

14    different amount stated in the Affidavit of Indebtedness is the principal plus interest at

15

16    the Contract Interest Rate as of December 9, 2007 when Ms. Kenney executed it.

17        The Affidavit of Indebtedness does not misstate the debt because Unifund was

18    entitled to recover interest at the Contract Interest Rate. Plaintiff's Complaint alleges

19

20    that the Cardmember Agreement "is a document alleged to be an agreement between

21    Plaintiff Emerson Webb and Universal Bank, N.A. . . .," a national bank. (Complaint

22    ¶ 5.64.) In a case squarely on point, the District of Minnesota held that a debt

23

24    collector is entitled to seek interest at the rate provided for in the original credit card

25    agreement under the National Bank Act, 12 U.S.C. §§ 21-216d. *Munoz v. Pipestone*

26

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

1    *Fin., LLC*, 513 F.Supp.2d 1076, 1079 (D.Minn. 2007).

2
3      As the assignee of a national bank, Unifund could have sought a judgment

4 based on the higher Contract Interest Rate rate, but rather it chose to limit itself to the

5 lower State Interest Rate. This benefit in Plaintiff's favor is not a violation of the

6 FDCPA.

7

8    **D.**    **Res Judicata**

9      Plaintiff's claims under the WCAA and WCPA should be dismissed because

10 they relate to the Collection Action and are therefore barred by the doctrine of res

11
12 judicata. "Federal courts are required to give full faith and credit to state court

13 judgments under 28 U.S.C. § 1738." *Manufactured Home Communities, Inc. v. City*

14
15 *of San Jose*, 420 F.3d 1022, 1031 (9th Cir. 2005). To determine the preclusive effect

16 of a state court judgment, federal courts must look to the law of the forum state. *Id.*

17 Washington recognizes the affirmative defense of res judicata. *Rains v. State*, 100

18
19 Wash.2d 660, 663-64, 674 P.2d 165, 168-69 (1983).

20      A Washington appellate court affirmed the dismissal of claims under the

21 WCAA and the WCPA based on res judicata in *Pederson v. Allied Credit Cos.*, 112

22
23 Wash.App.1046 (2002). There, the debt collector brought a collection action for a

24 dishonored check. *Id.* at *1. In the collection action, as here, the debtor did not

25 appear or file an answer, and the trial court entered default judgment for the debt

26

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

1   collector. *Id.* at *2. As here, the debtor never appealed the default judgment or sought

2   to have it set aside. Instead, as here, she filed a class action alleging violation of the

3
4   WCAA, WCPA, fraud, and negligent misrepresentation. *Id.*

5       Applying Washington's standard for res judicata, the court held that the debtor's

6   claims were barred. *Id.* at *4. Her "claims of excessive interest, premature demand,

7
8   and her challenge to [the debt collector's] standing to collect on the check should have

9   all been litigated in the initial collection action before the court issued judgment for

10  the allegedly improper charges." *Id.* The debt collector argued that the debt and the

11
12  method of debt collection were completely distinct. *Id.* at *3. The court rejected that

13  argument. The class action suit involved the same cause of action as the debt

14
15  collection lawsuit because: (1) the debt collector's interest in enforcing its judgment

16  "could be impaired if not destroyed by the second proceeding;" (2) the two

17  proceedings involved substantially the same evidence; (3) constitutional rights were

18
19  not at issue; and (4) the two proceedings arose out of the same transactional nucleus of

20  facts. *Id.* at *4.

21      Just as in *Pederson*, all of Plaintiff's claims could have and should have been

22
23  brought in the Collection Action. Unifund's interest in enforcing its judgment "could

24  be impaired if not destroyed" by this second action; the two proceedings involve

25  substantially the same evidence; constitutional rights are not at issue; and this action

26

MEMORANDUM IN SUPPORT OF
MOTION FOR DISMISSAL - 15

**CRUMB & MUNDING, P.S.**
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

and the Collection Action arise out of the same transactional nucleus of facts. Plaintiff could have raised claims in the Collection Action based on: (1) Unifund's licensing status; (2) the veracity of the Affidavit Indebtedness and Ms. Kenney's personal knowledge of the same; (3) the award of $650.00 for attorney's fees; and (4) the differing amounts owed as stated in various documents filed as exhibits in the Collection Action. All such claims are now barred by res judicata.

### E.     Plaintiff Failed to State a Claim Against Unifund and Kenney for a Violation of the WCAA or the WCPA

Even absent res judicata, Plaintiff's WCAA and WCPA claims fail because Plaintiff's WCAA claim is based on the incorrect allegation that Unifund is not properly licensed to collect debt in Washington, and Plaintiff's WCPA claim is premised on a violation of the WCAA. By failing to state a claim under the WCAA, Plaintiff also fails to state a claim under the WCPA.

### 1.     Unifund Did Not Violate the WCAA Because Unifund Was Licensed to Collect Debt in Washington and Plaintiff Did Not Plead That Unifund Otherwise Engaged in Prohibited Debt Collection Activities.

The WCAA requires licensing of debt collection agencies and places specific restrictions on debt collection practices. *See generally* R.C.W. 19.16 *et seq.*; *see also Sprinkle v. SB&C Ltd.*, 472 F.Supp.2d 1235, 1248 (W.D. Wash. 2006). The WCAA is Washington's counterpart to the FDCPA. *Id.*; *see also Panag v. Farmers Ins. Co. of*

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

*Washington*, 204 P.3d 885, ¶ 52 (Wash. 2009)  Plaintiff alleges that Unifund violated the WCAA by (1) failing to obtain a collection agency license; (2) collecting debts without a collection agency license; and (3) filing lawsuits without registering as a "Qualified Foreign Incorporation." (Complaint ¶¶ 9.6-9.9.)  Plaintiff also alleges that Unifund violated "other sections" of the WCAA. (*Id.* at ¶ 9.5.)

As discussed in Part C(1) above, these same allegations regarding Unifund's licensing status are without any basis.  Unifund's has a valid out-of-state collection agency license and is a partnership, not an LLC.  Further, as discussed in Part C, Plaintiff did not plead that Unifund engaged in any prohibited debt collection practices. *See* R.C.W. 19.16.250.

> **2.    Unifund Did Not Violate the WCPA Because Unifund Did Not Violate the WCAA and Plaintiff Did Not Plead That Unifund Engaged in Any Unfair or Deceptive Acts.**

Under the WCPA, a plaintiff must prove "(1) an unfair or deceptive act or practice, (2) occurring in trade or commerce, (3) affecting the public interest, (4) injury to the person's business or property, and (5) causation." *Hangman Ridge Stables, Inc. v. Safeco Title Ins. Co.*, 105 Wash.2d 778, 784 (1986).

Plaintiff relies on the legal conclusion that a violation of the WCAA is "per se a violation of the WCPA." (Complaint ¶¶ 9.10, 10.3-10.5.)  While true, *see Panag*, 204 P.3d at ¶ 50, as discussed in Part (D)(1), Plaintiff did not plead facts supporting a

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

claim that Unifund and Ms. Kenney violated the WCAA. Therefore, any alleged violation of the WCAA cannot be the predicate for a WCPA claim.

Furthermore, Plaintiff's Complaint fails to point to other specific conduct that would constitute an unfair act or practice. "[W]hether [] conduct constitutes an unfair or deceptive act can be decided by [a] court as a question of law." *Leingang v. Pierce County Med. Bureau, Inc.,* 131 Wash.2d 133, 150 (1997). The issue is whether an act or practice has "the capacity to deceive a substantial portion of the public." *Hangman Ridge Stables, Inc.,* 105 Wash.2d at 785.

Here, Unifund lawfully sought to collect a debt. Unifund is and was properly licensed as an out-of-state collection agency. Unifund brought a proper lawsuit to collect a debt and, even though Plaintiff did not answer the Collection Action complaint, Unifund attached copious documentation to its Motion for Default Judgment including a credit card statement, the Cardmember Agreement, an Affidavit of Indebtedness, and assignments and bills of sale. In addition, Unifund sought interest at the lower State Interest Rate instead of the agreed upon Contract Interest Rate. Unifund did not engage in any unfair or deceptive acts; rather, Unifund lawfully sought to a collect a debt.

### F.    Kim Kenney

Even if this Court does not otherwise agree that Plaintiff failed to state a claim,

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

it should dismiss Plaintiff's WCAA and WCPA claims against Ms. Kenney. As alleged in Plaintiff's Complaint, Ms. Kenney is "an employee of Unifund." (Complaint ¶¶ 4.7, 5.24.) The WCAA excludes from the definition of "collection agency" "[a]ny individual engaged in soliciting claims for collection, or collecting or attempting to collect claims on behalf of a licensee under this chapter, if said individual is an employee of the licensee." R.C.W. § 19.16.100(3)(a). A "licensee" is any person licensed under the WCAA. R.C.W. § 19.16.100(9). Unifund is such a licensee, and, as an employee, Kenney is exempt from liability under the WCAA and for the related WCPA claim.

## IV.    CONCLUSION

For the reasons set forth above, the Court should dismiss Plaintiff's Complaint against Unifund and Kenney.

DATED this _____ day of June, 2009.

CRUMB & MUNDING, P.S.

_____
JOHN D. MUNDING, WSBA #21734
Attorneys for Defendants Unifund CCR
Partners and Kim Kenney

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA  99201
(509) 624-6464
FAX (509) 624-6155