# APPENDIX OF UNREPORTED DECISIONS

*Rosales v. Unifund CCR Partners*, 2008 WL 51566881 (N.D. ILL 2008)

*Cisneros v. Neuheissel Law Firm, P.C.*, 2008 WL 65608 (D.Ariz 2008)

*Winn v. Unifund CCR Partners*, 2007 WL 974099 (D.Ariz. 2007)

*Cheng v. Misserli & Kramer, P.A.*, 2007 WL 1582714 (D.Minn. 2007)



**H**

Only the Westlaw citation is currently available.

United States District Court,
N.D. Illinois,
Eastern Division.
Armando C. ROSALES III, Plaintiff,
v.
UNIFUND CCR PARTNERS, et al., Defendants.
No. 08 C 3533.

Dec. 5, 2008.

Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tiffany Nicole Hardy, Edelman, Combs, Latturner & Goodwin, LLC, Chicago, IL, for Plaintiff.

Amy Zoe Knapp, Joseph Paul Kincaid, Kathleen Ann Kelley, Swanson, Martin & Bell, Chicago, IL, for Defendants.

### *MEMORANDUM OPINION*

SAMUEL DER-YEGHIAYAN, District Judge.

**\*1** This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss and dismiss the remaining state law claims without prejudice.

### BACKGROUND

Plaintiff Armando C. **Rosales** III (" **Rosales**") alleges that Defendant **Unifund** CCR Partners (" **Unifund**") is engaged in the business of collecting "charged-off debts" owed by consumers. (A.Compl.Par. 8). Defendant Credit Card Receivables Fund, Inc. and Defendant ZB Limited Partnership are allegedly general partners of **Unifund**. (A.Compl.Par. 17-18). **Unifund** allegedly pays only a minimal amount to purchase "charged-off debts" and does not "acquire documentation for each of the accounts, including in particular account agreements signed by the putative debtors."(A.Comp. Par. 14). **Rosales** claims that in April 2008, **Unifund** brought an action against **Rosales** in Illinois state court ("State Action") "for the purpose of collecting three purported credit card debts incurred for personal, family or household purposes."(A.Comp. Par. 21). **Unifund** allegedly presented certain affidavits in the State Action, but the alleged declarants lacked the personal knowledge to support the affidavits. **Rosales** brought the instant action and includes in the complaint claims alleging that **Unifund** used false, deceptive, or misleading representations or means in connection with the collection of a debt in violation of 15 U.S.C. § 1692e of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1601 *et seq.* (Count I), and claims alleging violations of the Illinois Collection Agency Act ("ICAA"), 225 ILCS 425/1 *et seq.* (Count II). Defendants now move to dismiss the instant action.

### LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Rule 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Ill. Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir.2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir.1991). In order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High Sch.,* 144 F.3d 448, 454-55 (7th Cir.1998); *Lucien v. Preiner,* 967 F.2d 1166, 1168 (7th Cir.1992). A plaintiff is required to include allegations in the complaint that "plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' " and "if they do not, the plaintiff pleads itself out of court." *E.E.O.C. v. Concentra Health Services, Inc.,* 496

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 5156681 (N.D.Ill.)
**(Cite as: 2008 WL 5156681 (N.D.Ill.))**

F.3d 773, 776 (7th Cir.2007) (quoting in part *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007)). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action....' " *See Sanjuan v. Amer. Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir.1994) (stating that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir.2002); *Kyle,* 144 F.3d at 455. However, any conclusions pled must " 'provide the defendant with at least minimal notice of the claim,' " *Kyle,* 144 F.3d at 455 (quoting *Jackson v. Marion County,* 66 F.3d 151, 153-54 (7th Cir.1995)), and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251; *Nance v. Vieregge,* 147 F.3d 589, 590 (7th Cir.1998) (stating that "[p]laintiffs need not plead facts or legal theories; it is enough to set out a claim for relief").

### DISCUSSION

*I. FDCPA Claims (Count I)*

**\*2** Defendants move to dismiss the FDCPA claims. Defendants argue that the FDCPA was not intended to govern state court pleading requirements, and therefore, Rosales' attempt to portray the instant action as a FDCPA action is improper and this case should be dismissed. The premise of Rosales' case is that Unifund has a policy in regard to the affidavits that it attaches to its complaints in state court actions and that the policy does not comply with the FDCPA. Rosales claims that allegedly false allega-

tions of personal knowledge in the affidavits submitted by Kim Kenney ("Kenney Affidavits"), the media supervisor of Unifund, violated 15 U.S.C. § 1692e of the FDCPA, which states that "[a] debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt."15 U.S.C. § 1692e. Debt collectors are prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer."15 U.S.C. § 1692e(10).

Defendants argue that Rosales' assertion that the Kenney Affidavits are deficient due to Kenney's lack of personal knowledge is, at best, an argument on the part of Rosales that the affidavits are procedurally defective rather than containing false statements about debt and involve state law evidentiary issues. (Mem.Dis.3); (Reply 2). Rosales maintains that Kenney's allegation of personal knowledge is false and that false statements in state pleadings can constitute violations of the FDCPA. (Ans.7). Neither side has pointed to any controlling precedent on point that addresses the issue of whether submitting an affidavit without personal knowledge in a state court case is a state procedural deficiency or a potentially false representation that is actionable under the FDCPA.

Unifund points to *Washington v. North Star Capital Acquisition, LLC,* 2008 WL 4280139 (N.D.Ill.2008), in which the district court held that failure to attach an assignment to a state court complaint was a violation of the ICAA, not the FDCPA. *Id.* at *2; (Mem.Dis.3). The Court in *North Star* concluded that the plaintiff's claim was "premised on an alleged violation of Illinois state pleading requirements and the FDCPA w[ould] not be used as a vehicle to litigate claims arising under the Illinois rules of civil procedure."*Id.* The Court in *North Star* also noted that "[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation."*Id.* Similarly, in the instant action, the al-

leged deficiencies in the Kenney Affidavits submitted in the state court proceedings relate to state court pleading requirements rather than the overarching policy concerns behind the FDCPA. *See Carlson v. First Revenue Assur.*, 359 F.3d 1015, 1018 (8th Cir.2004) (stating that "[t]he FDCPA was designed to provide basic, overarching rules for debt collection activities; it was not meant to convert every violation of a state debt collection law into a federal violation"); *King v. Resurgence Financial, LLC*, 08 C 3306 (November 3, 2008 minute order) (J. St.Eve). Thus, **Rosales'** concerns regarding the propriety of the Kenney Affidavits attached to state court pleadings are state concerns and can be addressed by the state courts. Under the federal notice pleading standard, in order to ascertain the claim pled, the court must look to the allegations in the complaint rather than the labels of the causes of action in the complaint. *See, e.g., Bartholet v. Reishauer A.G. (Zurich)*, 953 F.2d 1073, 1078 (7th Cir.1992). **Rosales** has not pled a FDCPA claim merely by listing the act in the complaint and calling her claim a "FDCPA-Class Claim." (A.Compl.5). *See Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir.2008) (stating that "a plaintiff can plead himself out of court by alleging facts that show there is no viable claim").*See also Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC*, 480 F.3d 470, 474 (7th Cir.2007) (stating that the FDCPA is not "an enforcement mechanism for other rules of state and federal law"). Therefore, we grant Defendants' motion to dismiss the FDCPA claim.

## II. Remaining State Law Claims (Count II)

*3 Since the only remaining claims in this action are state law claims, we must determine whether we will retain jurisdiction over the remaining claims. **Rosales** alleges in the amended complaint that the court has supplemental jurisdiction over the state law claims. (A.Compl.Par. 5). Once the federal claims in an action no longer remain, a federal court has discretion to decline to exercise supplemental jurisdiction over any remaining state law claims. *See Wright v. Associated Ins. Cos.*, 29 F.3d

1244, 1252 (7th Cir.1994) (stating that "the general rule is that, when all federal-law claims are dismissed before trial," the pendent claims should be left to the state courts). The Seventh Circuit has stated that there is no " 'presumption' in favor of relinquishing supplemental jurisdiction" and that a court may retain jurisdiction where a statute of limitations would bar future suits, where "substantial federal judicial resources have already been expended on the resolution of the supplemental claims," and "where it is obvious how the claims should be decided." *Williams Electronics Games, Inc. v. Garrity*, 479 F.3d 904, 906-07 (7th Cir.2007). The Seventh Circuit has stated that, In exercising that discretion, the court should consider a number of factors, including "the nature of the state law claims at issue, their ease of resolution, and the actual, and avoidable, expenditure of judicial resources...." *Timm v. Mead Corp.*, 32 F.3d 273, 277 (7th Cir.1994). We have considered all of the pertinent factors and, as a matter of discretion, we decline to exercise supplemental jurisdiction over the remaining state law claims. Therefore, we dismiss the remaining state law ICAA claims (Count II) without prejudice.

We also note that we previously denied **Rosales'** motion for class certification and that **Rosales** has filed a motion for reconsideration of that ruling. In light of the above ruling, we deny the motion for reconsideration as moot.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss the FDCPA claims and we decline to exercise jurisdiction over the remaining state law ICAA claims and dismiss the ICAA claims without prejudice. We also deny **Rosales'** motion for reconsideration as moot.

N.D.Ill.,2008.
Rosales v. Unifund CCR Partners
Slip Copy, 2008 WL 5156681 (N.D.Ill.)

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 5156681 (N.D.Ill.)
(Cite as: 2008 WL 5156681 (N.D.Ill.))

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



**H**

Only the Westlaw citation is currently available.

United States District Court,
D. Arizona.
Joseph CISNEROS, Plaintiff,
v.
NEUHEISEL LAW FIRM, P.C., a professional cor-
poration, et al., Defendants.
No. CV06-1467-PHX-DGC.

Jan. 3, 2008.

Richard N. Groves, Phoenix, AZ, for Plaintiff.

Cynthia Lee Fulton, Fulton & Friedman PLLC,
Phoenix, AZ, for Defendants.


**ORDER**

DAVID G. CAMPBELL, District Judge.

*1 The crux of the parties' dispute is whether De-
fendants' prayer for attorneys' fees in a state-court
lawsuit to recover the debt owed by Plaintiff viol-
ated the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. § 1692 et seq. Based on the
undisputed facts and circumstances of this case, the
Court concludes that it did not.


**I. Background.**

In May of 2000, Plaintiff Joseph Cisneros entered
into a written agreement with Chase Manhattan
Bank USA for a Platinum MasterCard credit card
account. The cardmember agreement provided that
"[i]f you do not make a payment when it is due, ...
we may, as permitted by law ... require you to pay
reasonable attorney's fees and any court costs in the
collection of any amounts you owe under this
Agreement."Dkt. # 1 Ex. A at 5. The agreement
further provided that it is "governed by the laws of
the United States and the State of Delaware" and

that "dispute[s] concerning any term in this Agree-
ment will be resolved by those laws."*Id.*

As of November 2004, Plaintiff's credit card ac-
count had an outstanding balance of $5,562.85. *See*
Dkt. # 1 Ex. A at 7. Plaintiff's account was sub-
sequently assigned to a different creditor ANJ, Inc.
*See* Dkt. # 44 ¶ 4. On May 24, 2006, the Neuheisel
Law Firm, representing ANJ, Inc., filed suit against
Plaintiff in an Arizona justice court, seeking to re-
cover the principal amount owed plus accrued' in-
terest. *See* Dkt. # 1 Ex. A at 1-3. The complaint de-
manded "reasonable attorney's fees" of "at least
$1,390.71 if this matter is contested" or "$1,390.71
if this matter proceed to Judgment by default."*Id.* at
3. These amounts appeared only in the relief section
of the complaint. *See id.*The parties ultimately
settled the collection dispute and stipulated to dis-
missal of the justice court case with prejudice, each
side to bear its own costs and fees. *See* Dkt. # 44
Ex. 2.

Plaintiff then initiated this action against the De-
fendants, challenging the permissibility of the attor-
neys' fees prayed for in the justice court complaint
under the FDCPA. Dkt. # 1. In particular, Plaintiff
alleges that the attorneys' fees requested in the
complaint are equal to 25% of the principal amount
owed, that fixed fees are not authorized by the card-
member agreement, that the agreement only author-
izes the recovery of reasonable attorneys' fees, that
the requested attorneys' fees are not reasonable un-
der Delaware law, and that the complaint was false
and deceptive in that it did not disclose how the re-
quested fees were calculated or that some of the
fees, if received, would be paid to a non-legal en-
tity. *Id.*

The parties have filed motions for summary judg-
ment. Dkt.43, 45. Plaintiff has also filed a motion
to strike. Dkt. # 51. For the reasons explained be-
low, the Court will grant Defendants' motion and
deny Plaintiff's motions.[FN1]

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy
Slip Copy, 2008 WL 65608 (D.Ariz.)
(Cite as: 2008 WL 65608 (D.Ariz.))

FN1. Defendants' request for oral argument is denied because the parties have thoroughly discussed the law and evidence and oral argument will not aid the Court's decision. *See Mahon v. Credit Bur. of Placer County, Inc.,* 171 F.3d 1197, 1200 (9th Cir.1999).

## II. Motions for Summary Judgment.

The FDCPA regulates how debt collectors interact with consumer debtors. "[T]he purpose of [the statute is] to eliminate abusive debt collection practices by debt collectors ... and to promote consistent State action to protect consumers against debt collection abuses."15 U.S.C. § 1692(e). The FDCPA forbids a debt collector from collecting "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."15 U.S.C. § 1692f(1). The statute also prohibits a debt collector from making a false representation of "the character, amount, or legal status of any debt" (§ 1692e(2)(A)) or from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer" (§ 1692e(10)). Plaintiff alleges that Defendants' complaint in the justice court, the only creditor-debtor communication at issue in this case, violated these provisions. *See* Dkt. # 1 ¶¶ 22-29, 56-58; *see also* Dkt. # 49 at 3.

### A. Application of the FDCPA to the Complaint.

*2 As a threshold matter, it is not clear that the complaint is subject to the FDCPA. In *Thweatt v. Law Firm of Koglmeier, Dobbins, Smith & Delgado, P.L.C.,* 425 F.Supp.2d 1011 (D.Ariz.2006), this Court found a split in the federal courts regarding whether a summons and complaint are a creditor-debtor communication for purposes of the FDCPA. *See id.* at 1013.The Court noted an absence of cases in the Ninth Circuit addressing this issue. *See*

*id.*Persuaded primarily by the rationale of a Seventh Circuit decision, *Thomas v. Law Firm of Simpson & Cybak,* 392 F.3d 914 (7th Cir.2004) (en banc), the Court found that a summons and complaint may constitute a creditor-debtor communication under the FDCPA. *See Thweatt,* 425 F.Supp.2d at 1014.

*Thomas* has been called into question since the FDCPA was amended. As the Seventh Circuit recently acknowledged, "[g]iven this amendment and the limited rationale of *Thomas* itself, it is far from clear that the FDCPA controls the contents of pleadings filed in state court." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, LLC,* 480 F.3d 470, 473 (7th Cir.2007). The Court need not resolve this question today. Even assuming the FDCPA applies to Defendants' complaint, the Court concludes that the statute is not offended by the complaint's prayer for attorneys' fees.

### B. The Attorneys' Fees Request Did Not Violate the FDCPA.

Defendants claim that "a request for attorney fees, including a request for a particular amount of those fees[,] is not a violation of the FDCPA."Dkt. # 43 at 6. Plaintiff argues that Defendants' prayer for attorneys' fees is unlawful because liquidated attorneys' fees are not expressly authorized by the cardmember agreement. *See* Dkt. # 45. In support of this contention, Plaintiff relies primarily on *Kojetin v. C U Recovery, Inc.,* No. Civ.97-2273, 1999 WL 1847329 (D.Minn. Mar. 29, 1999). In *Kojetin,* the district court held that "reasonable collection costs" charged to a debtor "cannot be derived from a fee based solely on a percentage of the outstanding debt."*Id.* at *2 n. 3. The Eighth Circuit affirmed, "agree[ing] with the district court's conclusion that [the collection agency] violated the FDCPA when it charged [the debtor] a collection fee based upon a percentage of the principal balance that remained due rather than the actual cost of the collection." *Kojetin v. C U Recovery, Inc.,* 212 F.3d 1318 (8th Cir.2000) (per curiam).

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Slip Copy                                                                                           Page 3
Slip Copy, 2008 WL 65608 (D.Ariz.)
(Cite as: 2008 WL 65608 (D.Ariz.))

As this Court previously noted, however, *"Kojetin* does not prohibit the use of a percentage altogether, but rather states that' [the collection agency's] notice violated the Act by adding the collection fee based on a percentage rather than on actual costs when [the debtor's] *agreement with the credit union provided she was liable only for actual costs.*' " *Boatley v. Diem Corp.,* No. 03-0762, 2004 WL 5315892, *5 (D.Ariz. Mar. 24, 2004) (emphasis in original) (quoting *Kojetin,* 212 F.3d at 1318). In this case, the underlying agreement provides for the recovery of "reasonable" attorneys' fees; it is not limited to "actual" attorneys' fees. Moreover, Plaintiff does not contend that Delaware law prohibits reasonable attorneys' fees from being calculated on a percentage basis. To the contrary, as Plaintiff notes, Delaware law specifically permits courts to consider whether the fee agreement is fixed or contingent in determining whether a requested fee amount is reasonable. Dkt. # 45 at 9; *see General Motors Corp. v. Cox,* 304 A.2d 55, 57 (Del.1973). Contingent fees often are calculated on a percentage basis.

*3 Moreover, the collection agency in *Kojetin* directly charged the debtor for collection fees, effectively representing to the debtor that the costs were actually due the collection agency. Defendants' request for attorneys' fees in the justice court complaint cannot be construed as a direct charge to Plaintiff-it merely conveyed to the justice court what Defendants claimed to be reasonable attorneys' fees. *See Winn v. Unifund CCR Partners,* No. CV 06-447, 2007 WL 974099, at *3 (D.Ariz. Feb. 13, 2007); *Argentieri v. Fisher Landscapes,* 15 F.Supp.2d 55, 61 (D.Mass.1998) ("A prayer for relief in a complaint, even where it specifies the quantity of attorney's fees, is just that: a request to a third party-the court-for consideration, not a demand to the debtor himself.").

For similar reasons, plaintiff's reliance on *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C.,* No. 1:04-CV-733, 2005 WL2180481 (W.D.Mich. Sept. 9, 2005) is misplaced. In *Stolick-*

er, a creditor filed a motion for default judgment and sought attorney's fees that were a percentage of the principal debt. *Id.* Of significance, the creditor stated in an affidavit that it was entitled to this amount "pursuant to [an] agreement made by [the debtor]."*Id.* at *1. Here, as in *Winn,* Defendants "quote[ ] a specific level of attorney's fees in [the] prayer for damages, but ... do [ ] not allege that this specific amount is required by the terms of the credit card agreement." *Winn,* 2007 WL 974099 at *8. Put another way, "[t]he complaint makes a request; it does not inaccurately characterize the content of the credit card agreement."*Id.*

Plaintiff additionally argues that "[v]iewing Defendants' complaint through the perspective of th[e] objective least sophisticated consumer, Defendants' prayer for $1390.71 constitutes an absolute entitlement to $1390.71 in attorney fees."Dkt. # 59 at 10. In support of this proposition, Plaintiff cites *Foster v. D.B .S. Collection Agency,* 463 F.Supp.2d 783 (S.D.Ohio 2006). In *Foster,* the district court noted that "[f]rom the perspective of the 'least sophisticated consumer,' " a prayer for relief that included a demand for attorneys' fees "constitutes an absolute entitlement to attorney fees [.]" *Id.* at 802.This issue was of relevance to the court because attorneys' fees were not recoverable under the applicable state law. *Id.* Therefore, the concern in *Foster* was not whether the defendants misled the debtors by suggesting that the creditors could receive attorneys' fees of a certain type (i.e., fees that reflect a fixed percentage of the amount to be collected), but whether the defendants misled the debtors by suggesting the defendants could receive any attorneys' fees at all. The parties in this case do not dispute that some attorneys' fees may be recovered by Defendants.

An examination of Defendants' justice court complaint reveals that the least sophisticated consumer would not interpret the complaint as a representation that Defendants were absolutely entitled to $1,390.71. The body of the complaint alleges that Defendants are entitled to collect "reasonable" at-

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

torneys' fees pursuant to the contract. No dollar amount is stated in connection with this allegation. Dkt. # 1, Ex. A at 3. The prayer for relief then seeks reasonable attorneys' fees "in the amount of at least $1,390.71."*Id.* The fact that the prayer alleges a specific amount is no more binding on Plaintiff than any other factual allegation in the complaint. "It is what it purports to be-a 'prayer' or request for a certain amount of attorney's fees." *Winn,* 2007 WL 974099 at *3. In addition, the structure of the complaint indicates that the prayer for relief is aspirational-it describes what the collection agency seeks if it prevails, including "such other and further relief as the Court may deem just and proper."Dkt. # 1, Ex. A at 3. "Even the 'least sophisticated debtor' would understand that [the attorneys' fees sought in the prayer for relief] is not an explicit part of his agreement. Instead, it is what his creditor would like the court to conclude is reasonable. He might have to pay it; he might not." *Winn,* 2007 WL 974099 at *3[FN2]; *see, Argentieri,* 15 F.Supp.2d at 61 ("A request for attorney's fees ultimately rests upon the discretion of the court and a determination of applicability at a later stage of the litigation.").

> FN2. Plaintiff suggests that *Winn* "misapplied the sophisticated debtor standard." Dkt. # 47 at 10. Plaintiff urges the Court instead to consider *Foster.*As explained above, however, *Foster* is inapplicable to this case. Plaintiff also cites to *Gionis v. Javitch, Block & Rathbone,* Nos. 06-3048, 06-3171, 2007 WL 1654357 (6th Cir. June 6, 2007). In *Gionis,* the complaint was accompanied by an affidavit stating that attorney's fees were recoverable where the state law did not permit the recovery of such fees. Here, an affidavit was not submitted along with the complaint, and there is no dispute that attorneys' fees could be awarded under the cardmember agreement and applicable Delaware law.

*4 In sum, the complaint alleges that the collection agency is "entitled to its reasonable attorney's fees" upon a favorable judgment and asks the justice court for an amount of fees that the agency considers to be reasonable. Because the recovery of reasonable attorneys' fees was expressly permitted by the cardmember agreement, and Defendants' complaint sought to recover reasonable fees, Defendants' conduct in seeking the fees from the justice court did not violate the FDCPA's proscription on collection of amounts not expressly authorized by the agreement or permitted by law, nor did it constitute a false representation of the character, amount, or legal status of any debt or a false representation or deceptive means of collecting a debt.

## C. Whether the Requested Attorneys' Fees were "Reasonable."

Plaintiff claims that Defendants violated the FDCPA by seeking an amount of attorneys' fees that was not reasonable. In effect, Plaintiff contends that Defendants lawfully could have included a generic prayer for "reasonable attorneys' fees" in their complaint, but that they violated the FDCPA when they specified an unreasonable amount in their prayer. The Court does not agree. The two possible forms of complaint-one seeking reasonable fees generally and the other seeking a specific amount of alleged reasonable fees-would have had precisely the same legal effect. Both would assert a claim for reasonable fees and put the amount of such fees in issue. Both would ask the Court to determine the amount to be awarded in light of the cardmember agreement and the eight factors identified in Delaware law. *See Cox,* 304 A.2d at 57. The Court cannot conclude that Defendants' complaint crossed the line from lawful to a violation of the FDCPA merely by including the amount of fees Defendants claimed to be reasonable. As explained above, the prayer did not seek an unlawful fee, nor did it constitute a deceptive debt collection effort.

Several courts have rejected Plaintiff's argument that the amount of fees sought in a prayer for relief

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

can constitute a violation of the FDCPA. *See Cheng v. Messerli & Kramer, P.A.*, No. 06-3054, 2007 WL 1582714 at *2 (D.Minn. May 30, 2007) (citing cases); *Winn*, 2007 WL 974099, at *2-3; *Bull v. Asset Acceptance, LLC*, 444 F.Supp.2d 946, 949-952 (N.D.Ind.2006); *see also Kirscher v. Messerli & Kramer, P.A.*, No. 05-1901, 2006 WL 145162, at *5 (D.Minn. Jan. 18, 2006) (rejecting claim that law firm's attempts to collect reasonable attorneys' fees violated FDCPA in requesting an amount based on a contingency fee). The Court agrees with these cases.

Plaintiff argues that the fee request was illegal under Delaware law because it violated the statutory ban on fees in excess of 20% of the principal and interest owed. *See* 10 Del. C. § 3912. Defendants demonstrate without dispute, however, that the $1,390.71 sought in the complaint constituted less than 20% of the $7,565.48 in principal and interest owed on Plaintiffs debt. Dkt. # 43 at 5. Plaintiff also argues that Defendants' request for attorneys' fees was deceptive because it concealed that the request was a percentage of the amount owed and that part of the attorneys' fees would be submitted to a non-legal entity, Collect America, which performs account management services for the Neuheisel Law Firm. *See* Dkt. # 45. These arguments go to the reasonableness of the fee requested, an issue that does not give rise to a violation of the FDCPA for reasons set forth above. As also concluded above, the prayer for relief did not constitute a misleading communication to Plaintiff, but instead was an aspirational request for fees from the justice court. Had Plaintiff chosen to do so, he could have litigated the reasonableness of the fee request fully in the justice court, making all of the arguments there that he makes here. Plaintiff would not have been bound or misled by the amount sought in Defendants' prayer for relief. The prayer for relief was a pleading concerning a disputed issue in court-a pleading Plaintiff was free to controvert and litigate in full. It did not violate the FDCPA.[FN3]

FN3. Plaintiff suggests that Defendants' ar-

guments are foreclosed by the Court's prior ruling on a motion for judgment on the pleadings. *See* Dkt. # 25. The Court held in that order, however, only that it could not enter judgment in favor of Defendants because their requested fee was less than the 20% cap established by Delaware law. *Id.* at 2. The Court did not address the more complete issues briefed in the motions for summary judgement.

**III. Motion to Strike.**

*5 Plaintiff moves to strike an affidavit of Ms. Neuheisel on the grounds that it is a sham affidavit that flatly contradicts Ms. Neuheisel's previous sworn statements and that was submitted in order to generate a genuine issue of material fact. Dkt. # 51 at 2 (quoting *EEOC v. Lennar Homes of Az., Inc.*, No. CV-03-1827, slip op. at 23 (D.Ariz. Sept. 30, 2005) (citation omitted)); *see* Dkt. # 50 at 22-23; Dkt # 51 Exs. A and B. As the Court did not rely on the affidavit in resolving the issues addressed in this order, the motion to strike will be denied as moot.

**IT IS ORDERED:**

1. Defendants' motion for summary judgment (Dkt.# 43) is granted .

2. Plaintiffs motion for summary judgment (Dkt.# 45) is denied.

3. Plaintiff's motion to strike (Dkt.# 51) is denied as moot.

4. The clerk of court is directed to terminate this action.

D.Ariz.,2008.
Cisneros v. Neuheisel Law Firm, P.C.
Slip Copy, 2008 WL 65608 (D.Ariz.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)
(Cite as: 2007 WL 974099 (D.Ariz.))

Page 1

Only the Westlaw citation is currently available.

United States District Court,
D. Arizona.
Martin W. WINN, Plaintiff,
v.
UNIFUND CCR PARTNERS, et al., Defendants.
No. CV 06-447-TUC-FRZ.

March 30, 2007.

Richard N. Groves, Richard Groves, Phoenix, AZ, for Plaintiff.

Stephen H. Turner, Lewis Brisbois Bisgaard & Smith LLP, Los Angeles, CA, Michael Boyd Smith, Lewis Brisbois Bisgaard & Smith LLP, Tucson, AZ, for Defendants.

## ORDER

FRANK R. ZAPATA, United States District Judge.

### I. *Procedural Background*

*1 Pending before the Court is Defendants' motion for judgment on the pleadings. United States Magistrate Judge Glenda E. Edmonds issued a Report and Recommendation recommending that the motion be granted by the Court. The Report and Recommendation indicated that any party could file written objections after being served with a copy of the Report and Recommendation. Plaintiff filed objections to the Report and Recommendation, Defendants filed a response to those objections, and Plaintiff filed a reply. Defendant did not file any objections to the Report and Recommendation.

### II. *Standard for Reviewing a Report and Recommendation*

The Court reviews de novo the objected-to portions of the Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b). The Court reviews for clear error the unobjected-to portions of the Report and Recommendation. *Johnson v. Zema Systems Corp.*, 170 F .3d 734, 739 (7th Cir.1999); *see also Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D.Or.1998).

### III. *Plaintiff's Objections* [FN1]

> FN1. As the Report and Recommendation throughly discussed the relevant facts and law, the Court will not repeat that entire discussion; rather, the Court will only discuss these issues as necessary to resolve the objections filed by Plaintiff.

### a. Incorrect Legal Standard

Plaintiff argues that the Report and Recommendation applied the incorrect legal standard in evaluating the motion for judgment on the pleadings, and that the Report and Recommendation improperly relied on facts outside the Complaint thereby converting the motion for judgment on the pleadings into a motion for summary judgment. The Court disagrees. The Report and Recommendation applied the proper legal standard and explicitly stated the proper standard as follows:

> Hameroff moves for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c). If, as here, the defendant argues the plaintiff failed to state a claim in his complaint, the motion is analyzed as though it were brought pursuant to FED.R.CIV.P. 12(b)(6). *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988).

> A complaint may be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief."*Thompson v. Davis*, 295 F.3d 890,895 (9th Cir.2002), *cert. denied*, 538 U.S. 921 (2003)."[I]t may appear on the face of the pleadings

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d                                                      Page 2
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)
(Cite as: 2007 WL 974099 (D.Ariz.))

that a recovery is very remote and unlikely but that is not the test." *Scheuer v. Rhodes,* 416 U.S. 232, 236 (1974), *overruled on other grounds by, Harlow v. Fitzgerald,* 457 U.S. 800 (1982)."The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."*Id.*

In considering the motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Stac Electronics SecuritiesLitigation,* 89 F.3d 1399, 1403 (9th Cir.1996) (internal citations omitted), *cert. denied,* 520 U.S.1103 (1997)."Nonetheless, conclusory allegations without more are insufficient to defeat [the motion]." *McGlinchy v. Shell Chemical Co.,* 845 F.2d 802, 810 (9th Cir.1988).

*2 *See* Report and Recommendation at 3-4. After correctly stating the standard of review, the Report and Recommendation properly evaluated the facts by taking all of Plaintiff's alleged facts (as opposed to legal conclusions) in the Complaint as true, which included reference to the underlying state court complaint at issue which Plaintiff specifically attached to the Complaint filed in federal court. *See generally U.S. v. Ritchie,* 342 F.3d 903, 908 (9th Cir.2003)("A court may ... consider certain materials-documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment."); *Headwaters Inc. v. U.S. Forest Service,* 399 F.3d 1047, 1051 n. 3 (9th Cir.2005)(courts may take judicial notice of the docket in related cases as materials from a proceeding in another tribunal are appropriate for judicial notice); *Emrich v.. Touche Ross & Company,* 846 F.2d 1190, 1198 (9th Cir.1988)(a motion to dismiss for failure to state a claim is not treated as a summary judgment motion where the Court considers matters subject to judicial notice such as proceedings and determinations in related litigation); *Mullis v. U.S. Bankruptcy Court for the District of Nevada,* 828 F.2d 1385, 1388 (9th Cir.1987)(facts subject to judicial notice may be considered in relation to a motion to dismiss; further holding that on a motion to dismiss, the court need not

accept as true allegations that contradict facts which may be judicially noticed by the court). Nonetheless, after taking all of Plaintiff's facts as true, the Report and Recommendation correctly found that these facts did not state a legally cognizable claim which therefore entitled Defendants to judgment on the pleadings.[FN2] Plaintiff's objection is rejected.

> FN2. The Court notes that Plaintiff makes another curious argument in relation to his first objection. He seems to argue that the Report and Recommendation also considered improper facts, thereby converting the motion into a motion for summary judgment, by simply citing and discussing case law that Plaintiff did not discuss in his responsive brief. The Magistrate Judge, like this Court, obviously is not bound to only discuss and consider cases that Plaintiff chooses to discuss in his briefs, and this does not constitute consideration of facts outside the pleadings.

**b. The Remaining Objections**

A review of Plaintiff's remaining objections show that they are a rehash of the arguments made before the Magistrate Judge which were adequately addressed and properly rejected. Plaintiff's remaining objections simply argue that given the standards governing claims under the Fair Debt Collection Practices Act ("FDCPA"), Defendants' request for a reasonable amount of attorney's fees (with a corresponding statement of fees Defendants' believed reasonable) in a state court collection case somehow rises to the level of a FDCPA violation. The Report and Recommendation appropriately discussed and resolved Plaintiff's substantive claims as follows:

The Fair Debt Collection Practices Act (FDCPA) was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."15 U.S.C. § 1692. The

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)
(Cite as: 2007 WL 974099 (D.Ariz.))

Page 3

FDCPA, inter alia, "broadly prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Dunlap v. Credit Protection Ass' n,* 419 F.3d 1011, 1012 (9th Cir.2005) (citing 15 U.S.C. § 1692e) (internal punctuation removed). Specifically, subsection 1692e(2)(A) prohibits the false representation of the "character, amount, or legal status of any debt."*Id.*

*3 Section 1692f broadly prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."15 U.S.C. § 1692f. Specifically, subsection 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."*Id.*"The impact of language alleged to violate the FDCPA is judged under the 'least sophisticated debtor' standard." *Dunlap,* 419 F.3d at 1012.

In this case, Winn concedes his credit card agreement provides for reasonable attorney's fees if litigation is required by the debtor's breach. He further asserts the agreement is governed by the laws of the State of Delaware which allows an award of reasonable attorney's fees. *See*10 Del. C. § 3912. Nevertheless, he claims Hameroff's complaint violates the FDCPA because it cites a specific amount of attorney's fees in the prayer for relief. He observes that neither the credit card agreement nor Delaware law authorizes this, or any, specific amount. This specific amount, he argues, is "liquidated damages" which "attempt[s] to collect monies not expressly authorized by the contract creating the debt, or expressly authorized by law" and "misrepresents the nature, character and amount of the debt."(Complaint, pp. 6, 7.) The court does not agree.

Hameroff's complaint contains a prayer for relief. It is what it purports to be-a "prayer" or request for a certain amount of attorney's fees. It is a request that the court find an amount not less that $2,486.42 to be reasonable. It is not an assertion that this specific amount is explicitly authorized by the credit agree-

ment. The prayer for relief does not violate the FD-CPA. *See Argentieri v. Fisher Landscapes, Inc.,* 15 F.Supp.2d 55, 61 (D.Mass .,1998) (holding that a request for attorney's fees in a collection complaint is just that-a request.).

The court's reasoning is reinforced by the structure of the complaint. In the body of the state court complaint, Hameroff explicitly alleges what Winn owes his creditor: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) Further, the complaint asserts the creditor is entitled to "recover court costs and reasonable attorney's fees."*Id.* No specific amount is quoted in this section.

Then, in the prayer for relief, Hameroff asks for judgment in the following amounts: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) Hameroff then asks for "reasonable attorney's fees in the amount of not less than $2,486.42."*Id.* This amount does not appear in the body of the complaint where Winn's specific obligations under the credit card agreement are listed. *Id.* Even the "least sophisticated debtor" would understand that this amount, $2,486.42, is not an explicit part of his agreement. Instead, it is what his creditor would like the court to conclude is reasonable. He might have to pay it; he might not. The prayer for relief is not false, deceptive, misleading or unfair. *See*15 U.S.C. §§ 1692e, 1692f. It does not violate the FDCPA. *See Fields v. Wilber Law Firm, P. C.,* 383 F.3d 562, 564-65 (7th Cir.2004) (Where the contract provided for payment of attorney's fees, asking for a specific amount of attorney's fees in a dunning letter did not misstate the amount of the debt in violation of § 1692g(a) of the FDCPA.); *Bull v. Asset Acceptance, LLC,* 444 F.Supp.2d 946, 949-51 (N.D.Ind., 2006) (Where the credit agreement provided for payment of reasonable attorney's fees, asking for a specific amount of attorney's fees in a collection complaint did not violate the FDCPA.); *Argentieri v. Fisher Landscapes, Inc.,* 15 F.Supp.2d

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)
(Cite as: 2007 WL 974099 (D.Ariz.))

Page 4

55, 61 (D.Mass.,1998) (General prayer for attorney's fees in collection complaint did not violate § 1692f even where the credit agreement did not specifically authorize attorney's fees.).

*4 *See* Report and Recommendation at 4-6. Plaintiff's remaining objections are rejected.

### c. The Remaining Issues

As to the remaining issues that were not objected to by the parties, the Court has reviewed the entire record and concludes that Magistrate Judge Edmonds' recommendations are not clearly erroneous. *See* 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72; *Johnson v. Zema Systems Corp.*, 170 F.3d 734, 739 (7th Cir.1999); *Conley v. Crabtree*, 14 F.Supp.2d 1203, 1204 (D.Or.1998).

### IV. *Conclusion*

Accordingly, IT IS HEREBY ORDERED as follows:

(1) United States Magistrate Judge Edmonds' Report and Recommendation (Doc. # 34) **is accepted and adopted.**

(2) Defendants' motion for judgment on the pleadings is **granted;** as such, all other pending motions are denied and this case is **dismissed with prejudice.**[FN3]

> FN3. As any amendments would be futile, Plaintiff's request to amend the Complaint is denied. *See Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir.1998).

(3) The Clerk of the Court shall enter judgment accordingly and close the file in this matter.

### REPORT AND RECOMMENDATION

GLENDA E. EDMONDS, United States Magistrate Judge.

Pending before the court is a motion for judgment on the pleadings filed on November 14, 2006, by the de-

fendants, Hameroff/Lavinsky Law Firm, P.C., David Hameroff, and David Lippman (collectively, Hameroff). [doc. # 20] The plaintiff filed a response, and Hameroff filed a reply.

Also pending is a motion to strike immaterial and incomplete affirmative defenses filed by the plaintiff, Martin W. Winn, on October 25, 2006. [doc. # 18] Hameroff filed a response.

The plaintiff, Martin W. Winn, was named as a defendant in a collection action filed in Maricopa County Superior Court. He now brings an action against the state court plaintiff and his attorney, Hameroff, claiming the state court complaint violates the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq. In the instant motion, Hameroff argues he is entitled to judgment on the pleadings because Winn's complaint fails to state a claim upon which relief can be granted.

The case has been referred to Magistrate Judge Edmonds for all pretrial matters pursuant to Local Civil Rule 72.2. Rules of Practice of the U.S. District Court for the District of Arizona.

Neither party requested a hearing, and the court finds the motion suitable for decision without oral argument. The motion to dismiss should be granted. The prayer for attorney's fees in the state court complaint did not violate the FDCPA.

### *Factual and Procedural Background*

On or about May 16, 2006, Hameroff filed a civil complaint in Maricopa County Superior Court claiming Martin W. Winn owed a credit card debt to his client, Unifund CCR Partners. In the body of the complaint, Hameroff explicitly alleges what Winn owes his creditor: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) The complaint further asserts the creditor is entitled to "recover court costs and reasonable attorney's fees." *Id.* No specific amount is quoted in this section.

*5 In the following prayer for damages, the complaint

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)
(Cite as: 2007 WL 974099 (D.Ariz.))

states as follows:

WHEREFORE, Plaintiff prays and demands judgment against the Defendant(s), and each of them as follows:

A. For judgment in the principal amount of $ 11,301.91:

| Principal Sum of: | At the rate of: |
| --- | --- |
| $11,301.91 | 10.000% |

D. For reasonable attorney's fees in the amount of not less than $ 2,486.42.

E. For Plaintiff's court costs incurred herein;

F. For interest at the legal rate on attorney fees and costs known the date hereof; and

G. For such other and further relief as the court deems just and proper in the premises.

(Complaint, Exhibit A.)

The original debt was incurred through the use of a credit card issued by Chase Manhattan Bank/ First USA Bank. (Complaint, p. 6.) The credit card agreement states the agreement between the parties will be governed by the laws of the State of Delaware. *Id.* The agreement further provides that "reasonable" attorney's fees may be awarded if the debtor's breach results in litigation. *Id.*

On August 24, 2006, Winn filed the instant action in U.S. District Court. Winn asserts in his complaint that the prayer for attorney's fees in the state court complaint violates the FDCPA by "utilizing a collection communication in an attempt to collect a consumer debt that was false, deceptive, or misleading in violation of 15 U.S.C. § 1692e" and "utilizing [an] unfair collection communication in an attempt to collect a debt in violation of 15 U.S .C. § 1692f."*Id.*, p. 9.

In the instant motion, Hameroff argues he is entitled to judgment on the pleadings because the complaint fails to state a claim upon which relief can be granted. With-

B. For judgment for accrued interest in the amount of $1,432.27

C. For accruing interest on the following sum(s) until paid in full

From:
03/01/2006

in the motion, Hameroff moves that the court award him attorney's fees pursuant to FED.R.CIV.P. 11(c)(1)(A) and 15 U.S.C. § 1692k(a)(3).

*Standard: Failure to State a Claim Upon Which Relief Can be Granted*

Hameroff moves for judgment on the pleadings pursuant to FED.R.CIV.P. 12(c). If, as here, the defendant argues the plaintiff failed to state a claim in his complaint, the motion is analyzed as though it were brought pursuant to FED.R.CIV.P. 12(b)(6). *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988).

A complaint may be dismissed for failure to state a claim upon which relief can be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of the claim which would entitle the plaintiff to relief." *Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir.2002), *cert. denied*, 538 U.S. 921 (2003)."[I]t may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test ." *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974), *overruled on other grounds by*, *Harlow v. Fitzgerald*, 457 U.S. 800 (1982)."The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."*Id.*

*6 In considering the motion, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Stac Electronics Securities Litigation*, 89 F .3d 1399, 1403 (9th Cir.1996) (internal citations omitted), *cert. denied*, 520 U.S. 1103 (1997)."Nonetheless, conclusory allegations

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

without more are insufficient to defeat [the motion]." *McGlinchy v. Shell Chemical Co.*, 845 F.2d 802, 810 (9th Cir.1988).

*Discussion*

The Fair Debt Collection Practices Act (FDCPA) was designed "to eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses."15 U.S.C. § 1692. The FDCPA, inter alia, "broadly prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt." *Dunlap v. Credit Protection Ass' n*, 419 F.3d 1011, 1012 (9th Cir.2005) (citing 15 U.S.C. § 1692e) (internal punctuation removed). Specifically, subsection 1692e(2)(A) prohibits the false representation of the "character, amount, or legal status of any debt."*Id.*

Section 1692f broadly prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."15 U.S.C. § 1692f. Specifically, subsection 1692f(1) prohibits "[t]he collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."*Id.*"The impact of language alleged to violate the FDCPA is judged under the 'least sophisticated debtor' standard." *Dunlap*, 419 F.3d at 1012.

In this case, Winn concedes his credit card agreement provides for reasonable attorney's fees if litigation is required by the debtor's breach. He further asserts the agreement is governed by the laws of the State of Delaware which allows an award of reasonable attorney's fees. *See*10 Del. C. § 3912. Nevertheless, he claims Hameroff's complaint violates the FDCPA because it cites a specific amount of attorney's fees in the prayer for relief. He observes that neither the credit card agreement nor Delaware law authorizes this, or any, specific amount. This specific amount, he argues, is

"liquidated damages" which "attempt[s] to collect monies not expressly authorized by the contract creating the debt, or expressly authorized by law" and "misrepresents the nature, character and amount of the debt."(Complaint, pp. 6, 7.) The court does not agree.

Hameroff's complaint contains a prayer for relief. It is what it purports to be-a "prayer" or request for a certain amount of attorney's fees. It is a request that the court find an amount not less that $2,486.42 to be reasonable. It is not an assertion that this specific amount is explicitly authorized by the credit agreement. The prayer for relief does not violate the FDCPA. *See Argentieri v. Fisher Landscapes, Inc.*, 15 F.Supp.2d 55, 61 (D.Mass .,1998) (holding that a request for attorney's fees in a collection complaint is just that-a request.).

*7 The court's reasoning is reinforced by the structure of the complaint. In the body of the state court complaint, Hameroff explicitly alleges what Winn owes his creditor: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) Further, the complaint asserts the creditor is entitled to "recover court costs and reasonable attorney's fees."*Id.* No specific amount is quoted in this section.

Then, in the prayer for relief, Hameroff asks for judgment in the following amounts: principal in the amount of $11,301.91; interest in the amount of $1,432.27; and interest on the principal at the rate of 10.000% from 03/01/2006. (Complaint, Exhibit A.) Hameroff then asks for "reasonable attorney's fees in the amount of not less than $2,486.42."*Id.* This amount does not appear in the body of the complaint where Winn's specific obligations under the credit card agreement are listed. *Id.* Even the "least sophisticated debtor" would understand that this amount, $2,486.42, is not an explicit part of his agreement. Instead, it is what his creditor would like the court to conclude is reasonable. He might have to pay it; he might not. The prayer for relief is not false, deceptive, misleading or unfair. *See*15 U.S.C. §§ 1692e, 1692f. It does not violate the FDCPA. *See Fields v. Wilber Law Firm, P.C.*, 383 F.3d 562, 564-65 (7th Cir.2004) (Where the contract provided for payment of

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)
**(Cite as: 2007 WL 974099 (D.Ariz.))**

attorney's fees, asking for a specific amount of attorney's fees in a dunning letter did not misstate the amount of the debt in violation of § 1692g(a) of the FDCPA.); *Bull v. Asset Acceptance,* LLC, 444 F.Supp.2d 946, 949-51 (N.D.Ind., 2006) (Where the credit agreement provided for payment of reasonable attorney's fees, asking for a specific amount of attorney's fees in a collection complaint did not violate the FDCPA.); *Argentieri v. Fisher Landscapes, Inc.,* 15 F.Supp.2d 55, 61 (D.Mass.,1998) (General prayer for attorney's fees in collection complaint did not violate § 1692f even where the credit agreement did not specifically authorize attorney's fees.).

In his response brief, Winn argues Hameroff's prayer for attorney's fees violates the FDCPA relying on *Boatley v. Diem Corp* ., 2004 U.S. Dist. LEXIS 5089 and *Stolicker v. Muller,* 2005 U.S. Dist. LEXIS 32404. These cases, however, are distinguishable.

In *Boatley,* the contract between the creditor and debtor provided for an award of reasonable attorney's fees to the "prevailing party." *Boatley v. Diem Corp.,* 2004 U.S. Dist. LEXIS 5089. The creditor obtained a judgment against the debtor which awarded reasonable attorney's fees in the amount of $86.00. *Id.* Later, the creditor told the debtor in a dunning letter that she owed attorney's fees in the amount of $183.00. *Id.*

The debtor subsequently brought an action in federal court pursuant to the FDCPA. *Id.* The district court concluded the creditor's communication which quoted attorney's fees in the amount of $183.00 violated the FDCPA. *Id.*

*8 In *Boatley,* the district court found the creditor's demand for a specific amount of attorney's fees violated the FDCPA. *Id.* This holding, however, turned on the fact that a state court had already awarded a specific amount of attorney's fees which was different from the amount later demanded.*Id.* The contract between the creditor and the debtor allowed the "prevailing party" to recover "reasonable attorney's fees." *Id.* When the state court issued its judgment, a determination was made as to who was the prevailing party and what fees were reasonable. *Id.* When the creditor later told the debtor

she owed $183.00, it was "attempting to collect an amount of fees and costs not expressly found in the agreement or in the judgment."*Id.* This demand violated the FDCPA. *Id.* (citing 15 U.S.C. § 1692f(1)).

In the instant case, Winn claims Hameroff's prayer for a specific amount of attorney's fees violates the FDCPA. Winn, however, does not allege the existence of a prior state court ruling determining what amount of fees would be reasonable. *Id.* Absent a prior contrary state court ruling, Hameroff's prayer for attorney's fees is not unfair. *Boatley* is distinguishable.

In *Stolicker,* the credit card agreement between the creditor and the debtor provided for reasonable attorney's fees. *Stolicker v. Muller,* 2005 U.S. Dist. LEXIS 32404; 2005 WL 2180481 (W.D.Mich.). The creditor filed suit, but the debtor did not appear. *Id.* The creditor then filed a motion for default judgment and attached an affidavit stating the claim was for a "sum certain" and declaring it was entitled to attorney's fees in the amount of $ 776.68 (25% of the principal debt) "pursuant to agreement made by defendant."*Id.*

The debtor subsequently brought an action in federal court pursuant to the FDCPA. *Id.* The district court held that the creditor violated the FDCPA when it claimed in the affidavit the liquidated sum as attorney's fees because this specific amount does not appear in the contract between the parties. The affidavit misrepresented the amount of the debt owed in violation of § 1692e(2)(A), (B).

In the instant case, Hameroff quotes a specific level of attorney's fees in his prayer for damages, but he does not allege that this specific amount is required by the terms of the credit card agreement. Instead, he acknowledges the creditor is entitled only to "reasonable" attorney's fees and invites the court to find that this specific amount is reasonable. The complaint makes a request; it does not inaccurately characterize the content of the credit card agreement. *Stolicker* is distinguishable.

*Recommendation*

The Magistrate Judge recommends the District Court,

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)
**(Cite as: 2007 WL 974099 (D.Ariz.))**

after its independent review of the record, enter an order

GRANTING the motion for judgment on the pleadings filed on November 14, 2006, by the defendants, Hameroff/Lavinsky Law Firm, P.C., David Hameroff, and David Lippman [doc. # 20] and

*9 DENYING as MOOT the motion to strike immaterial and incomplete affirmative defenses filed by the plaintiff, Martin W. Winn, on October 25, 2006. [doc. # 18]

The defendants included a motion for attorney's fees within the instant motion for judgment on the pleadings. The motion for fees, in so far as it relies on Rule 11, was not brought in a procedurally correct manner and should be denied. FED.R.CIV.P. 11(c)(1)(A). The motion, in so far as it relies on 15 U.S.C. § 1692k(a)(3), is premature and should be filed in accordance with Local Civil Rule 54 .2.

Pursuant to 28 U.S.C. § 636(b), any party may serve and file written objections within 10 days of being served with a copy of this report and recommendation. If objections are not timely filed, the party's right to de novo review may be waived. *See United States v. Reyna-Tapia,* 328 F.3d 1114, 1121 (9th Cir.2003) (en banc), *cert. denied,* 540 U.S. 900 (2003).

The Clerk is directed to send a copy of this report and recommendation to all parties.

D.Ariz.,2007.
Winn v. Unifund CCR Partners
Not Reported in F.Supp.2d, 2007 WL 974099 (D.Ariz.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.



Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1582714 (D.Minn.)
(Cite as: 2007 WL 1582714 (D.Minn.))

**c**

Only the Westlaw citation is currently available.

United States District Court,
D. Minnesota.
Tammy CHENG, individually, and on behalf of all
others similarly situated, Plaintiff,
v.
MESSERLI & KRAMER, P.A., Defendant.
Civil No. 06-3054(DSD/SRN).

May 30, 2007.

James Shedden, Esq., Tony Kim, Esq. and Schad,
Diamond & Shedden, Chicago, IL and Michael G.
Phillips, Esq., Minneapolis, MN, counsel for
plaintiff.

Derrick N. Weber, Esq. and Messerli & Kramer,
Plymouth, MN, counsel for defendant.

**ORDER**

DAVID S. DOTY, United States District Judge.

*1 This matter is before the court upon defendant's
motion for judgment on the pleadings pursuant to
Federal Rule of Civil Procedure 12(c). Based upon
a review of the file and record and for the reasons
stated, the court grants defendant's motion.

**BACKGROUND**

Plaintiff Tammy Cheng ("Cheng") alleges that de-
fendant Messerli & Kramer, P.A. ("M & K"), viol-
ated the Fair Debt Collection Practices Act
("FDCPA"), 15 U.S.C. §§ 1692a-p, in collecting a
consumer debt she owed. Cheng incurred the debt
at issue on a Discover Bank credit card in the year
2000 and eventually stopped making monthly pay-
ments on the debt. In June 2005, Discover Bank
turned plaintiff's debt over for collection purposes
to M & K, a law firm acting as a debt collector as

defined by § 1692a(6) of the FDCPA. M & K sent
Cheng a collection complaint describing the debt as
$9,347.56 in principal, $215.13 in interest and
$2,336.89 in "reasonable attorneys' fees." (Pl.'s
Compl. Ex. 1.) The firm based the requested
amount of attorneys' fees on a 25% contingency ar-
rangement it had with Discover Bank. Cheng re-
ceived the collection complaint in August 2005.

Attached to the collection complaint was a copy of
a Discover Bank cardholder agreement dated 2001.
The 2001 cardholder agreement provided that if
Discover Bank referred the collection of an account
to an attorney, the cardholder may be charged
"reasonable attorneys' fees and court or other col-
lection costs as permitted by law and as actually in-
curred."(Pl.'s Mem. Opp'n Ex. 3 at 7.) This attor-
neys' fees language is identical to that in the 2000
cardmember agreement governing Cheng's account.
(See Attach. to Weber Letter of Apr. 19, 2007, Doc.
No. 34.)

In October 2005, M & K sent Cheng a Discover
Card statement, dated October 10, 2000, showing
the balance owed on the account. (See Pl.'s Mem.
Opp' n Ex. 4 at 1.) Cheng and Discover Bank
settled for $6,000, and Cheng paid that amount in
December 2005. M & K sent Cheng a notice of dis-
missal without prejudice of the collection action on
December 14, 2005, followed by a notice of dis-
missal with prejudice on January 9, 2006. After the
settlement of the underlying contract claim against
her, Cheng commenced this action against M & K
under the FDCPA on July 19, 2006.

Cheng alleges that M & K's collection complaint, in
requesting attorneys' fees calculated as a percentage
of the principal sum owed, violates the FDCPA. M
& K now moves for judgment on the pleadings pur-
suant to Rule 12(c) or in the alternative for sum-
mary judgment pursuant to Rule 56.

**DISCUSSION**

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 1582714 (D.Minn.)
(Cite as: 2007 WL 1582714 (D.Minn.))

## I. Judgment on the Pleadings and Summary Judgment Standards

Federal Rule of Civil Procedure 12(c) provides that if, on a motion for judgment on the pleadings, "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56."Both parties have submitted materials outside of the pleadings, so the court treats the motion as one for summary judgment pursuant to Federal Rule of Civil Procedure 56.

*2 Rule 56(c) provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law."*See Celotex Corp. v. Catrett,* 477 U.S. 317, 322 (1986). A fact is material only when its resolution affects the outcome of the case. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine if the evidence is such that it could cause a reasonable jury to return a verdict for either party. *See id.* at 252.On a motion for summary judgment, all evidence and inferences are viewed in a light most favorable to the nonmoving party. *See id.* at 255.The nonmoving party, however, may not rest upon mere denials or allegations in the pleadings but must set forth specific facts sufficient to raise a genuine issue for trial. *See Celotex,* 477 U.S. at 324. Moreover, if a plaintiff cannot support each essential element of his or her claim, summary judgment must be granted because a complete failure of proof regarding an essential element necessarily renders all other facts immaterial. *Id.* at 322-23.

## II. Attorneys' Fees

Cheng argues that M & K violated the FDCPA by demanding $2,336.89 in attorneys' fees in the collection complaint. She asserts that this amount was a deceptive, misleading and false representation because it was not expressly authorized by the agreement creating the debt or permitted by law. The FDCPA prohibits "any false, deceptive or misleading representation or means in connection with the collection of any debt," including the false representation of "any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt."15 U.S.C. § 1692e. Further, a debt collector cannot collect "any amount (including any interest, fee, charge or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law."*Id.* § 1692f(1). The collection of attorneys' fees, however, does not violate the FDCPA when an agreement between a debtor and a creditor expressly permits the collection of such fees. *See Kirscher v. Messerli & Kramer, P.A.,* No. 05-1901, 2006 WL 145162, at *5 (D.Minn. Jan. 18, 2006); *Resler v. Messerli & Kramer, P.A.,* No. 02-2510, 2003 WL 193498, at *5 (D.Minn. Jan. 23, 2003); *see also Shula v. Lawent,* 359 F.3d 489, 493 (7th Cir.2004) (FDCPA violation when plaintiff did not agree to pay costs and no judicial order commanded him to pay).

Cheng does not argue that the cardholder agreement fails to authorize the collection of reasonable attorneys' fees but rather that the amount requested by M & K in its collection complaint was unreasonable as a matter of law. When a debtor agrees to pay reasonable attorneys' fees in the event of default, an allegation that the attorneys' fees requested are patently unreasonable is not sufficient to state a claim under the FDCPA. *See Bull v. Asset Acceptance, LLC,* 444 F.Supp.2d 946, 950 (D.N.D.2006); *see also Kirscher,* 2006 WL 145162, at *5 (rejecting claim that law firm's attempts to collect reasonable attorneys' fees violated FDCPA in requesting an amount based on a contingency fee). In other words, an FDCPA claim cannot challenge the reasonableness of fees expressly authorized by the agreement creating the debt. *See Bull,* 444 F.Supp.2d at 950;*see also Singer v. Pierce & As-*

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

soc., P.C., 383 F.3d 596, 597-98 (7th Cir.2004); *Sierra v. Foster & Garbus,* 48 F.Supp.2d 393, 396 (S.D.N.Y.1999); *Kirscher,* 2006 WL 145162, at *5. The reasonableness of attorneys' fees must instead be challenged in the underlying contract case. *See Bull,* 444 F.Supp.2d at 951.

*3 Because Cheng's cardholder agreement authorizes payment of reasonable attorneys' fees, Cheng's claim fails as a matter of law. Once plaintiff agreed to be charged reasonable attorneys' fees, she lost her ability to challenge the reasonableness of those fees under the FDCPA.

### CONCLUSION

Therefore, **IT IS HEREBY ORDERED** that defendant Messerli & Kramer's motion for judgment on the pleadings or in the alternative for summary judgment [Doc. No. 8] is granted.

**LET JUDGMENT BE ENTERED ACCORDINGLY**

D.Minn.,2007.
Cheng v. Messerli & Kramer, P.A.
Not Reported in F.Supp.2d, 2007 WL 1582714 (D.Minn.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.