Michael D. Kinkley
Michael D. Kinkley, P.S.
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
(509) 484-5972 FAX

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| EMERSON WEBB; and all others similarly situated, <br><br>        Plaintiff, <br><br>   vs. <br><br>UNIFUND CCR Partners, a limited Liability Company; SUTTELL & ASSOCIATES P.S., a Washington Professional Service Corporation; and ISAAC HAMMER and JANE DOE HAMMER, husband and wife; and KIM KENNEY, <br><br>        Defendants. | Case No.: CV-09-0081-RHW <br><br> RESPONSE TO DEFENDANTS' MOTION TO DISMISS PURSUANT TO FRCP 12(b)(6) |

I. Standard of review of a FRCP 12(b)(6) Motion to Dismiss

A motion to dismiss under 12(b)(6), for failure to state a claim upon which relief can be granted, must be based on the facts as alleged in the Complaint and accepted as true. FRCP 12(b)(6); *Tellabs, Inc. v. Makor Issues & Rights, Ltd*., 127 S.Ct. 2499, 2502 (2007). The Complaint is detailed and states facts to support each of the claims made by the Plaintiff. The defndants simply do not agree with the allegations. The court will be in an adequate to determine the facts once discovery is complete and most likely cross motions for Summary Judgment presented. The

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -1

Defendants seem to confuse Summary Judgment with a motion for Dismissal. FRCP 12(b)(^); FRCP 56. Pursuant to FRCP 56(f) discovery must be allowed before accepting the conclusory assertions of a defendant who has not yet answered the Complaint whose conclusions and assertions have not been tested with discovery. "All allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *In re Wells Fargo Sec. Litig.*, 12 F.3d 922, 925 (9th Cir.1993), cert. denied, 513 U.S. 917, 115 S.Ct. 295, 130 L.Ed.2d 209 (1994); *In re Stac Electronics Securities Litigation*, 89 F.3d 1399, 1403 (.9th Cir.1996). Defendants' motion is premature.

## II. Introduction

This litigation is at a very early stage. None of the defendants have Answered the Complaint. The Order regarding a scheduling conference has not yet been issued. No Discovery can yet be proffered (since meeting of counsel has occurred since the meeting deadline has not yet been ordered). FRCP 26(f).  A detailed Complaint was filed on April 13, 2009. DR 1.

Unifund and Kim Kenney were served on May 13, 2009.  DR 8; DR 9. John Munding of Crumb and Munding appeared on April 14, 2009 for Unifund and Kim Kenney indicating that "This notice of appearance does not waive any service or jurisdictional defects". DR 2; DR 3.

On May 1st, 2009, Suttell and Associates, P.S. was served the Summons and Complaint DR 6. On May 7th, 2009 Attorney Carl Huber of Winston and Cashatt appeared for defendants Suttell and Associates, P.S. and Isaac and Jane Doe Hammer. DR 4.  On May 22, 2009, Carl Huber on behalf of Suttell and Associates, Isaac Hammer and Jane Doe Hammer accepted service of the Summons and Complaint. DR 7.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -2

On June 2, 2009, Defendant Unifund and Kim Kenny filed a Motion to Dismiss. On June 11, 2009, defendants Suttell and Associates, P.S. and Isaac and Jane Doe Hammer joined Unifund and Kenney's motion to dismiss.

### III. The Name Game and ever changing money demands

The lawsuit was filed in state court against Emerson Webb named the plaintiff as "Unifund assignee of Palisades Collection, LLC" (emp added). DR 16-2-5. On September 17 2008, Defendants filed a Summons, Complaint, Affidavit of service, Motion for default and Proposed Order of default. Attached to the Motion for default was:

1. the hearsay "Affidavit of  Indebtedness" from Kim Kenney with no business records identified or claimed to be attached  claiming that:
   a.   the "account was issued under the name of Citibank South Dakota, N.A. and acquired from Citibank" , DR 12-8,
   b.   and that the balance due was "$12, 813.99", DR 12-8;
2. An unauthenticated alleged bank statement form "ATT Universal Card" with no explanation how this relates to an alleged Citibank account showing a balance of "4889.85", DR 12-26 through 28;
3. A  Default judgment of  "$4804.84 principal" with "interest" of "$4270.19" (Total of $ 9074.84), DR 12-10;
4. Four (4) different entities were presented in unauthenticated alleged assignments of alleged accounts that may or may not include the Webb account with no other documentation attached, i.e. no copies of a list of the alleged "receivables", no copies of the alleged "Master Servicing

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -3

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Agreements", and no explanation of how any of the listed entities

interrelate or relate to the Webb account.  DR 16-2, pp. 5-8.

Only discovery with a request for production of all alleged "master Servicing

Agreements" and a list of accounts which demonstrates whether the Webb account

was among those assigned which will show whether Unifund was violating federal

law by collecting an account when it had no authority to do so. The assignments

are circular and impossible to follow without both the attachments that the so-

called "Master Service agreements" referenced together with testimony

authenticating and interpreting the assignments' lists of accounts, and

interpretation of the servicing agreements and finally an explanation how a 2003

assignment can serve to allow Unifund Partners CCR to collect on an account

assigned to other entities in 2007 that was not alleged to have been in default until

2006.

In addition discovery will show how Unifund can not reconcile the alleged

$4885. 95 (in the ATT statement), became the "$4804.84" plus interest of

$4270.19 (total $9074.84) in the default judgment, compared to the "$8666.80"

alleged in the state court collection Complaint, compared to the "12, 813.99"

alleged in the Kenney Affidavit. DR 12-26 through 28; DR 12-10; DR16-; DR 12-

8.

Who owns the debt and who has the right to collect? Nothing in the Spokane

County Superior Court file answers this question. Four different assignments were

filed without any authentication or exception to hearsay alleged. The assignments

are from 2003 and 2007 and appear to create some sort of circle of assignments

which can only be understood if at all if the "Master Servicing Agreements are

produced and the list of associated account are somehow linked to some account

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -4

that Defendants can demonstrate is somehow related to Plaintiff Webb. Again this awaits discovery.

These factual allegations were made in the Complaint filed in this court. Defendants' attorneys attempt to testify in the memorandum in support of dismissal to attempt to explain these discrepancies.


## IV. Licensing

The Washington Collection agency Act (WCAA), RCW 19.16.120 provides in relevant part that:

> "….the following conduct, acts, or conditions constitute unprofessional conduct:
>
> > (1) If an individual applicant or licensee is less than eighteen years of age or is **not a resident of this state**.
> >
> > (2) If an applicant or licensee is not authorized to do business in this state.

RCW 19.16.120. RCWA 23B.15.010(1) provides that

> (1) Unless it is otherwise authorized to transact business pursuant to a state or federal statute, a **foreign corporation may not transact business in this state until it obtains a certificate of authority from the secretary of state**.

RCW 23B.15.020(1) provides that

> (1) Unless it is otherwise authorized to transact business pursuant to a state or federal statute, **a foreign corporation transacting business in this state without a certificate of authority may not maintain a proceeding in any court** in this state until it obtains a certificate of authority.

RCW 23B.15.030 provides that:

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -5

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

(1) A foreign corporation may apply for a certificate of authority to transact business in this state by delivering an application to the secretary of state for filing. The application must state:

> (a) That the name of the foreign corporation meets the requirements stated in RCW 23B.15.060;

> (b) The name of the state or country under whose law it is incorporated;

> (c) Its date of incorporation and period of duration;

> (d) The street address of its principal office;

> (e) The street address of its registered office in this state and the name of its registered agent at that office, in accordance with RCW 23B.15.070; and

> (f) The names and usual business addresses of its current directors and officers.

(2) The foreign corporation shall deliver with the completed application a certificate of existence, or a document of similar import, issued no more than sixty days before the date of the application and duly authenticated by the secretary of state or other official having custody of corporate records in the state or country under whose law it is incorporated.

Unifund has not produced the application or a certificate from the secretary of state since it does not appear that it has been registered as a foreign corporation.

Unifund has alleged that it is licensed as an "**out of state** collection agency". (emp. added); Munding Declaration., DR 12-2, paragraph 2; see 19.16.100(4).

V. Preclusion

Defendants Kim Kenny, Suttell & Associates P.S. and Isaac and Jane Doe Hammer was not a party to the state court lawsuit so can not claim preclusion.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS -6

The state cause of action was for the collection of a debt. The elements of a debt collection are 1) whether a debt is owed, 2) whether it is owed to the Plaintiff in that lawsuit, and 3) how much.

The elements of an FDCPA claim are different. The question is: was there an action in the collection process that demonstrates that a debt collector violated a provision of federal law? Whether the debt is owed and the amount of the debt is irrelevant to an FDCPA claim.

In *Heintz v. Jenkins*, 514 U.S. 291, 292-93, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), the Supreme Court held that the FDCPA applies to the litigation activities of attorneys who regularly engage in debt collection. It is the litigation activities, not the state court determinations of whether the debt is owed, that gives rise to and FDCPA claim. Comparing Washington Superior Court Civil Rule (CR) 13(a) with CR 13(b) demonstrates the difference. An FDCPA claim does not arise from the "transaction or occurrence that is the subject matter of opposing parties claim". CR 13(a). A person contract to owe a debt, but never contracts to be abused by "debt collectors" as defined by 15 USC 1692a(6). Therefore, the FDCPA is never a compulsory counterclaim to a debt collection lawsuit. Conversely, a debt collection claim is a federal court permissive claim that is not allowed as a counter claim to a federal court FDCPA action.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS -7

The extensive analysis by a federal judge in *Schuyler v. National American Credit Corp.* 2008 WL 2276847, 1 (W.D.Mich.) (W.D.Mich., 2008) informs on the difference between collection of a debt and an FDCPA claim. The court noted that:

> This action is brought under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq. The current dispute centers on whether Defendant should be permitted to amend its Answer to assert a counterclaim for an unpaid credit card debt of $2,702.44.
> ***
> the counterclaim was not properly filed at all due to the absence of an independent basis for federal jurisdiction.
> Under Rule 13(a)(1), a counterclaim is deemed compulsory versus permissive if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims ." The federal courts have generally applied a "logical relation" test to determine if claims are compulsory. See *Plant v. Blazer Fin. Servs.*, 598 F.2d 1357, 1361 (5th Cir.1979); see also *City of Cleveland v. Cleveland Elec. Illuminating Co.*, 570 F.2d 123, 127 (6th Cir.1978); *Maddox*, infra. This logical relation test has resulted in widespread divergent opinions about whether when a debtor sues under a federal statute such as the Truth in Lending Act or the Fair Debt Collection Practice Act a counterclaim for the unpaid debt is compulsory or permissive. See *Plant*, supra (discussing divergent precedent). In *Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 383 (6th Cir.1984), the Sixth Circuit sided with the precedent determining that a subsequent counterclaim for the debt is permissive rather than compulsory. See also *Peterson v. United Accounts, Inc.*, 638 F.2d 1134, 1136 (8th Cir.1981) (stating that the *Whigham* analysis (relied upon in *Maddox* ) applied with even more force to the context of a FDCPA claim); cf. *Sparrow v. Mazda Am. Credit*, 385 F.Supp.2d 1063, 1070-71 (E.D.Cal.2005) (holding that supplemental jurisdiction under 28 U.S.C. § 1367 does attach, but that the jurisdiction should not be exercised because it would be contrary to the FDCPA's remedial policies).

> *Maddox's holding mandates the denial of the leave to amend as to the permissive counterclaim given the other rules controlling permissive

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -8

counterclaims. Permissive counterclaims require an independent basis for federal jurisdiction. *Maddox*, 736 F.2d at 382 (citing cases); NLRB ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Dutch Boy, Inc., 606 F.2d 929, 931-32 (10th Cir.1979); 6 C. Wright & A. Miller, Federal Practice & Proc., § 1422 (Thomson/West 1990 ed. & 2008 Supp.) (citing cases). In this case, there is no independent basis for federal jurisdiction. The debt claim is premised solely on state law and diversity jurisdiction cannot attach because the amount in controversy requirement is not met.

*Schuyler v. National American Credit Corp.* 2008 WL 2276847, 1 -2

(W.D.Mich., 2008). Therefore, this court is in the position of facing a separate and

distinct cause of action which involves one of the same parties and two additional

party (Suttell, P.S and the Hammers).

All of Plaintiff's claims in this federal lawsuit are for conduct that occurred

prior to the entry of the default judgment.

VI. Rooker-Feldman

A. Rooker-Feldman Should be Considered First Because its Application
Strips the Court of Jurisdiction

The court should consider *Rooker-Feldman* first because its application

strips the Court of jurisdiction to consider affirmative defenses and the other bases

of defendants' motions. See *Hutcherson v. Lauderdale County, Tennessee*, 326

F3d. 747, 755 (6th Cir.2003) (rehearing and suggestion for rehearing en banc

denied).

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS -9

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

B. The Doctrine

The *Rooker-Feldman* doctrine stands for the "unremarkable proposition that a federal district court lacks subject matter jurisdiction to review a state court decision." *Pittman v. Cuyahoga County Department of Children and Family Services,* 241 Fed. Appx. 285, 287 (6th Cir.2007) (citing *McCormick v. Braverman,* 451 F.3d 382, 389 (6th Cir.2006)); *See D.C. Ct of App. v. Feldman,* 460 U.S. 462, 476 (1983); *Rooker v. Fid. Trust Co.,* 263 U.S. 413, 416 (1923).

Generally speaking, the *Rooker-Feldman* doctrine recognizes that federal district courts do not have jurisdiction to act as appellate courts and precludes them from reviewing final state court decisions. The underlying rational for this doctrine comes from two federal jurisdictional statutes: 28 U.S.C. § 1331 and 28 U.S.C. § 1257. First, section 1331 provides that federal district courts "shall have original jurisdiction of all civil actions arising" under federal law, but does not provide for appellate jurisdiction. 28 U.S.C. § 1331. Second, section 1257 provides for Supreme Court review of state court judgments when certain federal questions arise. 28 U.S.C. § 1257(a) ("Final judgments or decrees rendered by the highest court of a State in which a decision could be had, may be reviewed by the Supreme Court by writ of certiorari."). "Taken together, the *Rooker-Feldman* doctrine draws a 'negative inference' from section 1257: 'because Congress only provided for review of state court judgments by the Supreme Court, Congress therefore

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -10

intended to preclude lower federal courts from exercising such review.' "

*Nicholson v. Shafe*, 558 F.3d 1266, 1272 (11th Cir.2009) (quoting *Federacion de*

*Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico*, 410

F.3d 17, 21 (1st Cir.2005)).

C. The Defendants ignored the 2005 and 2006, Supreme Court Clarification
of *Rooker-Feldman*; The proper inquiry:
Is the federal court claim an injury *caused by* the state court judgment

Two United States Supreme court cases (*one of which  defendants failed to*

*even cite*) inform this court's analysis. In *Exxon Mobil*, the Supreme Court warned

the lower courts have extended this narrow doctrine  "far beyond the contours of

the *Rooker* and *Feldman* cases, overriding Congress' conferral of federal-court

jurisdiction concurrent with jurisdiction exercised by state courts, and superseding

the ordinary application of preclusion law pursuant to 28 U.S.C. § 1738." *Exxon*

*Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 283-284, 125 S.Ct. 1517,

161 L.Ed.2d 454 (2005). The Court instructed that the doctrine is "confined to

cases of the kind from which the doctrine acquired its name: cases brought by

state-court losers complaining of injuries _caused by_ state-court judgments rendered

before the district court proceedings commenced and inviting district court review

and rejection of those judgments." Id. The Court further noted that *Rooker-*

*Feldman* does not prohibit a "district court from exercising subject-matter

jurisdiction simply because a party attempts to litigate in federal court a matter

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -11

previously litigated in state court." Id. at 293, 125 S.Ct. 1517. Rather,

"[d]isposition of the federal action, once the state-court adjudication is complete,

would be governed by preclusion law." Id.

If and *only if* a federal court plaintiff is alleging an injury "**caused by** a state

court judgment" does *Rooker-Feldman* suggest a federal court subject matter

jurisdiction limitation. *Exxon Mobil Corporation v. Saudi Basic Industries*

*Corporation,* 544 U.S. 280, 125 S.Ct. 1517, 161 L.Ed.2d 454 (2005); *Lance v.*

*Dennis*, 546 U.S. 459, 463, 126 S.Ct. 1198, 163 L.Ed.2d 1059 (2006); *Hoblock v.*

*Albany County Bd. of Elections*, 422 F.3d 77, 87 (2d. Cir.2005) ("federal plaintiffs

are not subject to the Rooker-Feldman bar unless they complain of an injury

caused by a state judgment.").

"Neither *Rooker* nor *Feldman* elaborated a rationale for a wide-reaching bar on

the jurisdiction of lower federal courts, and our cases since Feldman have tended to

emphasize the narrowness of the Rooker-Feldman rule." *Lance v. Dennis*,  546

U.S. 459, 464, 126 S.Ct. 1198, 1201 (U.S.,2006); See *Exxon Mobil*, 544 U.S., at

292, 125 S.Ct. 1517 ( *Rooker-Feldman* does not apply to parallel state and federal

litigation); *Verizon Md. Inc. v. Public Serv. Comm'n of Md*., 535 U.S. 635, 644, n.

3, 122 S.Ct. 1753, 152 L.Ed.2d 871 (2002) ( Rooker-feldman "has no application

to judicial review of executive action, including determinations made by a state

administrative agency"); *Johnson v. De Grandy*, 512 U.S. 997, 1005-1006, 114

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -12

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

S.Ct. 2647, 129 L.Ed.2d 775 (1994) ( *Rooker-Feldman* does not bar actions by a nonparty to the earlier state suit). Indeed, during that period, "this Court has never applied *Rooker-Feldman* to dismiss an action for want of jurisdiction." *Exxon Mobil*, supra, at 287, 125 S.Ct. 1517.

*Rooker-Feldman* only deprives a district court of jurisdiction only "when the cause of the plaintiff's complaint is the state judgment itself." *Givens v. Homecomings Financial,* 278 Fed. Appx. at 609 (citing *McCormick v. Braverman,* 451 F.3d 382, 393 (6th Cir.2006).

> D. Plaintiff is Alleging a Claim Independent of the State Court Judgment

The plaintiff in this matter does not complain of an injury *caused by* a state court judgment. A violation of the federal Fair debt Practices Act (FDCPA), 15 USC 1692 et. Seq can occur as a result of prejudgment litigation activities as the Plaintiff has alleged in this case. In *Heintz v. Jenkin*s, 514 U.S. 291, 292-93, 115 S.Ct. 1489, 131 L.Ed.2d 395 (1995), the Supreme Court held that the FDCPA applies to the litigation activities of attorneys who regularly engage in debt collection. It is the litigation activities, not the state court determinations of whether the debt is owed, that gives rise to and FDCPA claim.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -13

In this case, Defendants violated 15 USC 1692e (Misrepresentation) and especially 1692e(2)(B)[1] and 15 USC 1692f (Unfair Practices) especially 1692f(1) in two ways; first by misrepresenting the right to collect and attempting to collect attorney fees in excess of the amount allowed by Washington law. RPC 1.5; Mahler (all fees must be reasonable based on a reasonable hourly rate times a reasonable number of hours). All of the actions complained of by the Plaintiff were taken *before* the judgment was entered by default in state court. The FDCPA imposes special strict liability upon debt collectors which includes statutory damages. Causation does not need to be shown except for actual damages.

The *Rooker-Feldman* Doctrine does not focus on damages either, but rather on the "an *injury* **caused by** a state court judgment". The injury in an FDCPA action occurs when the debt collector violates the FDCPA. The question before this court is whether the *attempt* to collect without any authority to do so and in a greater amount than was owed and whether the *request* for attorney fees which are not allowed by Washington law violates the FDCPA. 15 USC 1692e(2) prohibits the

---

[1] (2)    The false representation of--    (B)any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -14

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

The false **representation** of--(B)any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt. (emp added).

In addition, Defendants in this case engaged in "debt padding" before the judgment. Violation of 15 U.S.C. §1692f(1)  by "debt padding" is perhaps the most common violation of the "unfair practice" section. This "debt padding" takes on a variety of forms. *Campion v. Credit Bureau Services, Inc.*,  206 F.R.D. 663 (E.D.Wash.,2001) (misrepresentation of legal status of un-awarded attorney fees and costs in garnishment affidavits); *Clark v. Bonded Adjustment Co.*,  176 F.Supp.2d 1062, 1070 (E.D.Wash.,2001) (collection of process server fees not allowed by law); *Watkins v. Peterson Enterprises, Inc.*, 57 F.Supp.2d 1102, 1108 (E.D.Wash.,1999)( garnishment fees not allowed by law; "Since Peterson was not permitted to recover those sums under Washington law, Writ "F" falsely represented Ms. Bohnet's debt in violation of § 1692e. For the same reason, Peterson's decision to serve Writ "F" upon First International was an unfair collection practice in violation of § 1692f."; *Sandlin v. Shapiro & Fishman*, 919 F.Supp. 1564 (M.D.Fla. 1996) (payoff fee); *Teemogonwuno v. Todd, Bremer & Larsen*, 1:89 CV 2871 JTC (N.D.Ga. 1991) ($4000 "collection fee" tacked onto debt); *People ex rel. Daley v. Datacom Sys. Corp.*, 146 Ill.2d 1, 585 N.E.2d 51 (1991) (collection agency hired to collect parking fines tacked on unauthorized fees); *Cacace v. Lucas*, 775 F.Supp. 502 (D.Conn. 1990) (lawyer demanded

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -15

excessive amounts); *Duran v. Credit Bureau of Yuma*, 93 F.R.D. 607 (D.Ariz. 1982) (unauthorized collection fees); *Strange v. Wexler*, 796 F.Supp. 1117 (N.D.Ill. 1992) (the imposition of attorney's fees where not contract or statute authorizes them).

Defendants appears to be arguing that since they obtained a default judgment in favor of "Unifund", that they are somehow relieved of responsibility for violations of the FDCPA which occurred before the judgment was entered (by requesting unlawful fees). This is similar to the commonly rejected defense argument against an 15 USC 1692f(1) violation where the unlawful amount has not been actually received by the debt collector. E.g. *Clark v. Bonded Adjustment Co.*, 176 F.Supp.2d 1062, 1070 (E.D.Wash.,2001). In *Clark v. Bonded Adjustment C.* this court held that:

> The defendants appear to argue that they cannot have violated 15 U.S.C. § 1692(f), regarding "Unfair practices," and specifically sub-section (1), barring "[t]he collection of any amount... unless such amount is expressly authorized by the agreement creating the debt or permitted by law," because they did not actually collect from the Clarks any fee for service of process beyond their actual expenses. The defendants blatantly mis-characterize § 1692(f), which prohibits the use of unfair practices, such as collection of un-authorized fees, to "collect or attempt to collect any debt." 15 U.S.C. § 1692f (emphasis added). The plaintiffs allege, and have shown there to be genuinely disputed facts to support, that Bonded attempted to collect an amount that was not authorized by the agreement creating the debt or permitted by law.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS -16

In *McCormick,* the Sixth Circuit provided guidance in differentiating between a claim that attacks a state court judgment and is therefore within the scope of *Rooker-Feldman,* and an independent claim over which the district court has subject matter jurisdiction. *McCormick v. Braverman,* 451 F.3d at 392. The inquiry then is the source of the injury plaintiff alleges in the federal complaint. If the source of the injury is the state court decision, then the *Rooker-Feldman* doctrine would prevent the district court from asserting jurisdiction. If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim. .... The key point is that the source of the injury must be from the state court judgment itself; a claim alleging another source of injury is an independent claim. *McCormick,* 451 F.3d at 393-94.

A claim that the state court judgment was procured by the alleged wrongdoing of the defendant is an independent claim over which the district court may assert jurisdiction, even if those independent claims deny a legal conclusion of the state court. *McCormick,* 451 F.3d at 392-93 ( *Rooker-Feldman* doctrine does not deprive district court of jurisdiction over federal plaintiff's claims against receiver and homeowners' insurer alleging fraud in obtaining order of receivership from state court).

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS -17

In *Todd v. Weltman, Weinberg & Reis Co.,* 434 F.3d 432, 437 (6th Cir.2006). the Sixth Circuit found that the *Rooker-Feldman* doctrine did not deprive the district court of subject matter jurisdiction over plaintiff's federal claim that defendant filed a false affidavit in a state court garnishment proceeding. *Todd,* 434 F.3d at 437. In *Brown v. First Nationwide Mortgage Corporation,* 206 Fed. Appx. 436, 440 (6th Cir.2006),  the Sixth Circuit held that a federal plaintiff's allegations of fraud in connection with a state court proceeding does not constitute a complaint regarding the foreclosure decree itself, but concerns defendant's actions that preceded the decree, and therefore plaintiff's claim that the foreclosure decree was procured by fraud is not barred by *Rooker-Feldman. Brown,* 206 Fed. Appx. at 440.  See also *Whittiker v. Deutsche Bank Nat. Trust Co.*  L 692193, 3 -4  (N.D.Ohio,2009). In *Stolicker v. Muller, Muller, Richmond, Harms, Myers, and Sgroi, P.C. ,*  387 F.Supp.2d 752, 754 (W.D.Mich., 2005) the court held that "*Rooker-Feldman* does not bar the Court from taking subject matter jurisdiction of this case for the simple reason that this case does not involve the losing party in a state court proceeding filing suit in federal court after the state proceedings ended and complaining of an injury caused by a state court judgment. [*Citing Exxon Mobile].* The gravamen of Stolicker's complaint is that the Muller law firm violated the FDCPA by filing a purportedly false affidavit in support of a debt collection in state court. This alleged injury was independent of and complete prior

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -18

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

to the state court taking any action. As such, *Rooker-Feldman* does not prevent this Court from asserting subject matter jurisdiction over this case."

The extensive analysis by a federal judge in *Schuyler v. National American Credit Corp.*,  2008 WL 2276847, 1 (W.D.Mich.) (W.D.Mich., 2008) informs on the difference between collection of a debt and an FDCPA claim. In an FDCPA action, the court would not allow the filing of a counter claim for collection of the debt because the cases are not "logically related", i.e the elements of each cause of carrion are different:

>     This action is brought under the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 et seq. The current dispute centers on whether Defendant should be permitted to amend its Answer to assert a counterclaim for an unpaid credit card debt of $2,702.44.
>
>         ***
>
>     the counterclaim was not properly filed at all due to the absence of an independent basis for federal jurisdiction.
>
>     Under Rule 13(a)(1), a counterclaim is deemed compulsory versus permissive if it "arises out of the transaction or occurrence that is the subject matter of the opposing party's claims ." The federal courts have generally applied a "logical relation" test to determine if claims are compulsory. See *Plant v. Blazer Fin. Servs.*, 598 F.2d 1357, 1361 (5th Cir.1979); see also City *of Cleveland v. Cleveland Elec. Illuminating Co.*, 570 F.2d 123, 127 (6th Cir.1978); *Maddox*, infra. This logical relation test has resulted in widespread divergent opinions about whether when a debtor sues under a federal statute such as the Truth in Lending Act or the Fair Debt Collection Practice Act a counterclaim for the unpaid debt is compulsory or permissive. See *Plant*, supra (discussing divergent precedent). In *Maddox v. Kentucky Finance Co.*, 736 F.2d 380, 383 (6th Cir.1984), the Sixth Circuit sided with the precedent determining that a subsequent counterclaim for the debt is permissive

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -19

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

rather than compulsory. See also *Peterson v. United Accounts, Inc*., 638 F.2d 1134, 1136 (8th Cir.1981) (stating that the *Whigham* analysis (relied upon in *Maddox* ) applied with even more force to the context of a FDCPA claim); cf. *Sparrow v. Mazda Am. Credit*, 385 F.Supp.2d 1063, 1070-71 (E.D.Cal.2005) (holding that supplemental jurisdiction under 28 U.S.C. § 1367 does attach, but that the jurisdiction should not be exercised because it would be contrary to the FDCPA's remedial policies).

*Maddox*'s holding mandates the denial of the leave to amend as to the permissive counterclaim given the other rules controlling permissive counterclaims. Permissive counterclaims require an independent basis for federal jurisdiction. *Maddox*, 736 F.2d at 382 (citing cases); *NLRB ex rel. Int'l Union of Elec., Radio & Mach. Workers, AFL-CIO-CLC v. Dutch Boy, Inc.*, 606 F.2d 929, 931-32 (10th Cir.1979); 6 C. Wright & A. Miller, Federal Practice & Proc., § 1422 (Thomson/West 1990 ed. & 2008 Supp.) (citing cases). In this case, there is no independent basis for federal jurisdiction. The debt claim is premised solely on state law and diversity jurisdiction cannot attach because the amount in controversy requirement is not meT.

*Schuyler v. National American Credit Corp*.,  2008 WL  2276847, 1 -2

(W.D.Mich., 2008).


*Rooker-Feldman* does not prohibit a "district court from exercising subject-matter jurisdiction simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil* at 293, 125 S.Ct. 1517. But preclusion and Rooker Feldman are different doctrines not to be confused with one another. *Lance v. Dennis*,  546 U.S. 459, 465, 126 S.Ct. 1198, 1202 (U.S.,2006)

Under the FDCPA it does not matter if the debt collector actually "capitalizes" on the misrepresentation since there are at least statutory damages for the violation. To determine actual damages would require application of the

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -20

efficient proximate cause rule. In the Ninth circuit if fraud leads to a judgment then *Rooker Feldman* does not bar the claim. *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (9th Cir. 2004); *Noel v. Hall*, 341 F.3d 1148, 1164 (9th Cir.2003). "It has long been the law that a plaintiff in federal court can seek to set aside a state court judgment obtained through extrinsic fraud. In *Barrow v. Hunton*, 99 U.S. (9 Otto) 80, 25 L.Ed. 407 (1878), the Supreme Court distinguished between errors by the state court, which could not be reviewed in federal circuit court, and fraud on the state court, which could be the basis for an independent suit in circuit court." *Kougasian v. TMSL, Inc.*, 359 F.3d 1136, 1141 (C.A.9 (Cal.),2004). The misrepresentation and unfair request for fees was fully completed and the Plaintiff's cause of action fully established once Defendants filed an affidavit for default alleging a basis for attorney fees not allowed by law and requesting judgment for a debt not owned by the Unifund. Those violations are frozen in time without regard (in terms of at least the violation) what the state judge in a state court does. It would only matter if this court determines that the Washington state Supreme Court would also interpret state law in the same way which the Supreme court has made clear in Mahler, it would not.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -21

### VII. Debt Padding –Attorney Fees

Attorney fees in excess of that allowed by law.

Discovery is necessary to determine the actual amount of attorney fees incurred by Suttell and Associates, P.S.. He seems to admit in Defendants.

It important with respect to this case to recall the "Congressional findings and declaration of purpose" of the FDCPA", 15 USC 1692:

> (a) There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.
> **(b) Existing laws and procedures for redressing these injuries are inadequate to protect consumers.**
> (c) Means other than misrepresentation or other abusive debt collection practices are available for the effective collection of debts.

(emp. added).15 USC 1692. *Mahler v. Szucs*, 135 Wash.2d 398, 434-435, 957 P.2d 632, 651 - 652 (Wash.,1998), the Washington Supreme court further identifies that the problem of attorney overreaching for attorney fees is prevalent:

> In the past, we have expressed more than modest concern regarding the need of litigants and courts to rigorously adhere to the lodestar methodology. *See Scott Fetzer Co.,* 122 Wash.2d 141, 859 P.2d 1210. Courts must take an *active* role in assessing the reasonableness of fee awards, rather than treating cost decisions as a litigation afterthought. Courts should not simply accept unquestioningly fee affidavits from counsel. *Nordstrom, Inc. v. Tampourlos,* 107 Wash.2d 735, 744, 733 P.2d 208 (1987).

> Consistent with such an admonition is the need for an adequate record on fee award decisions. Washington courts have repeatedly held that the absence of an adequate record upon which to review a fee award will result in a remand

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -22

of the award to the trial court to develop such a record. *Smith v. Dalton,* 58 Wash.App. 876, 795 P.2d 706 (1990); *Rhinehart v. Seattle Times,* 59 Wash.App. 332, 798 P.2d 1155 (1990); *Bentzen v. Demmons,* 68 Wash.App. 339, 842 P.2d 1015 (1993); *State Farm Mut. Auto. Ins. Co. v. Johnson,* 72 Wash.App. 580, 871 P.2d 1066, *review denied,* 124 Wash.2d 1018, 881 P.2d 254 (1994). Not only do we reaffirm the rule regarding an adequate record on review to support a fee award, we hold findings of fact and conclusions of law are required to establish such a record.

*Mahler v. Szucs,* 135 Wash.2d 398, 434-435, 957 P.2d 632, 651 - 652 (Wash., 1998). One problem here is that the court did not take an "active role" in requiring Defendants to follow the law so it is difficult to discern the basis for a claim of Six Hundred and Fifty Dollars ($650.00) for a boilerplate default judgment. See DR 16-2, p. 12. No lodestar representations or proof was presented to the Spokane County Superior Court Commissioner. Cf 15 USCA 1692(b) ("Existing laws and procedures for redressing these injuries are inadequate to protect consumers.").

Further discovery will demonstrate that defendants were in fact, seeking fees in excess of any amount  allowed by law. Investigation has shown that Defendants not only regularly misrepresents to consumers the amount of the attorney fees that have been incurred.

### 3. Unfair Practices, 15 USC 1692f

15 USC § 1692f.   Unfair practices [Section 808 of P.L.] states that:

A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -23

(1)    The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

In the absence of an express agreement, an amount is "permitted by law" if a state statute authorizes or allows the fees or charges in question.  See e.g., *Ballard v. Equifax Check Services, Inc.*, 27 F. Supp. 2d 1201, 1205 (E.D. Cal. 1998).

The *FTC official commentary, 53 Fed. Reg. 50107-50108.* 15 USC § 1692f and § 1692f(1) assists in the interpretation of  this section of the law:   SECTION 808--UNFAIR PRACTICES

Section 808 prohibits a debt collector from using "unfair or unconscionable means" in his debt collection activity. It provides eight examples of unfair practices.
1. *Scope*. Prohibited actions are not limited to the eight subsections listed as examples of activities that violate this provision.

2. *Elements of unfairness*. A debt collector's act in collecting a debt may be "unfair" if it causes injury to the consumer that is (1) substantial, (2) not outweighed by countervailing benefits to consumers or competition, and (3) not reasonably avoidable by the consumer.

Section 808(1) prohibits collecting any amount unless the amount is expressly authorized by the agreement creating the debt or is permitted by law.
1. *Kinds of amounts covered*. For purposes of this section, "amount" includes not only the debt, but also any incidental charges, such as collection [*53 Fed. Reg. 50108*] charges, interest, service charges, late fees, and bad check handling charges.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -24

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

2. *Legality of charges*. A debt collector may attempt to collect a fee or charge in addition to the debt if either (a) the charge is expressly provided for in the contract creating the debt and the charge is not prohibited by state law, or (B) the contract is silent but the charge is otherwise expressly permitted by state law. Conversely, **a debt collector may not collect an additional amount if either (A) state law expressly prohibits collection of the amount** or (B) the contract does not provide for collection of the amount and state law is silent (emp added).

See *Tsenes v. Trans-Continental Credit and Collection Corp*., 892 F.Supp. 461

(E.D.N.Y. 1995) (list of §1692f violations found in the subsections are

nonexhaustive, and a cause of action is provided in the prefatory language).

### a. "Debt Padding"

Defendants in this case engaged in "debt padding." Violation of 15 U.S.C.

§1692f(1)  by "debt padding" is perhaps the most common violation of the "unfair

practice" section. This "debt padding" takes on a variety of forms. *Sandlin v.*

*Shapiro & Fishman,* 919 F.Supp. 1564 (M.D.Fla. 1996) (payoff fee);

*Teemogonwuno v. Todd, Bremer & Larsen*, 1:89 CV 2871 JTC (N.D.Ga. 1991)

($4000 "collection fee" tacked onto debt); *People ex rel. Daley v. Datacom Sys.*

*Corp.*, 146 Ill.2d 1, 585 N.E.2d 51 (1991) (collection agency hired to collect

parking fines tacked on unauthorized fees); *Cacace v. Lucas*, 775 F.Supp. 502

(D.Conn. 1990) (lawyer demanded excessive amounts); *Duran v. Credit Bureau of*

*Yuma,* 93 F.R.D. 607 (D.Ariz. 1982) (unauthorized collection fees); *Strange v.*

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -25

*Wexler*, 796 F.Supp. 1117 (N.D.Ill. 1992) (the imposition of attorney's fees where not contract or statute authorizes them).

Other typical violations include the imposition of service charges for dishonored checks that where not permitted by agreement and applicable state law. *Ballard v. Equifax Check Servs.*, 158 F.Supp.2d 1163 (E.D.Cal. 2001); *Irwin v. Mascott*,112 F.Supp.2d 937 (N.D.Cal. 2000); *Ballard v. Equifax Check Services, Inc.*, 2001 U.S. Dist. LEXIS 12841 (E.D.Cal., Aug. 20, 2001), and 27 F.Supp.2d 1201 (E.D.Cal. 1998); *Ozkaya v. Telecheck Services, Inc.*, 982 F.Supp. 578 (N.D.Ill. 1997); *Ditty v. CheckRite, Ltd.*, 973 F.Supp. 1320 (D.Utah 1997); *Patzka v. Viterbo College*, 917 F.Supp. 654 (W.D.Wis. 1996); *Stewart v. Slaughter*, 165 F.R.D. 696 (M.D.Ga. 1996); *Newman v. CheckRite California, Inc.*, 912 F.Supp. 1354 (E.D.Cal. 1995); *West v. Costen*, 558 F.Supp. 564 (W.D.Va. 1983) (unauthorized interest and collection fee); *Holmes v. Telecredit*, 736 F.Supp. 1289 (D.Del. 1990) (unauthorized "service charge" on NSF checks); *In re Scrimpsher*, 17 B.R. 999 (Bankr. N.D.N.Y. 1982) (same); *Clark v. Marine Midland Bank*, 67 A.D.2d 846, 413 N.Y.S.2d 9 (1979) (same).

In addition to §1692f, debt padding also violates §1692e(2) which prohibits false or misleading representations.

### 4. False or Misleading Representations

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -26

15 USC § 1692e.   False or misleading representations [Section 807 of P.L.] provides in relevant part:

A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

(2)     The false representation of--
(B)     any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt.

The *FTC official commentary, 53 Fed. Reg. 50105* assists in interpretation of this section:

SECTION 807--FALSE OR MISLEADING REPRESENTATIONS

Section 807 prohibits a debt collector from using any "false, deceptive, or misleading representation or means in connection with the collection of any debt." It provides sixteen examples of false or misleading representations.

1. *Scope*. Prohibited actions are not limited to the sixteen subsections listed as examples of activities that violate this provision. In addition, section 807(10), which prohibits the "use of any false representation or deceptive means" by a debt collector, is particularly broad and encompasses virtually every violation, including those not covered by the other subsections.

Section 807(2) prohibits falsely representing either "(A) the character, amount, or legal status of any debt; or (B) any services rendered or compensation which may be lawfully received by" the collector.

Determinations as to whether the debt collector's conduct violates this section of the FDCPA are made from the viewpoint of the "least sophisticated

RESPONSE TO DEFDANTS'
MOTION TO DISMISS  -27

consumer or debtor." *Fox v. Citicorp Credit Services, Inc.*, 15 F.3d 1507 (9th Cir. 1994); *Bentley v. Great Lakes Collection Bureau*, 6 F.3d 60 (2d Cir. 1993); *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993); *Smith v. Transworld Systems, Inc.*, 953 F.2d 1025 (6th Cir. 1992); *Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991); *Jeter v. Credit Bur., Inc.*, 760 F.2d 1168 (11th Cir. 1985); see *Swanson v. Southern Oregon Credit Service, Inc.*, 869 F.2d 1222 (9th Cir. 1988). The Court must look not to the most sophisticated recipients of the debt collector's communication but to the least. *Baker v. G.C. Services Corp.*, 677 F.2d 775, 778 (9th Cir. 1982). *See also Graziano v. Harrison*, 950 F.2d 107, 111 (3d Cir. 1991).

The Second Circuit followed these decisions and held: "The basic purpose of the least sophisticated consumer standard is to ensure that the FDCPA protects all consumers, the gullible as well as the shrewd." *Clomon v. Jackson*, 988 F.2d 1314 (2d Cir. 1993). In this case, even the shrewd would be fooled by the false affidavits sworn under oath.

### 5. Directly or Indirectly Attempt To Collect

The Ninth Circuit has stated, "FDCPA proscribes abusive collection practices by 'any person . . . who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.'" *Brannan v. United Student Aid Funds, Inc.*, 94 F.3d 1260, 1262 (9th Cir. 1996) (holding that the FDCPA applied to a student loan guaranty agency).

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -28

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

The defendants misrepresented the attorney fee both directly and indirectly to the debtors. Defendants prepared and filed motion and affidavits for default demanding attorney fees not allowed by Washington law and/or prepared and filed Affidavits for Default which are at least an indirect attempt to collect the debt.

## VIII.. Defendants prematurely claim Bona Fide Error

Defendants claim that they are protected by the affirmative defense of Bona Fide Error. Defendants' Memorandum, DR 11, pp. 7-9; cf 15 USC 1692k(c). The defendant has the burden of proving the affirmative defense and must show the violation "…resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error". Defendants have not show any procedures to avoid the errors nor could they do so relying on the plaintiff's complaint as required in a FRCP 12(b0(6) motion. The reasonable procedure to avoid n error of demanding an unlawful amount of attorney fees is to fiollow the procedure outlined and required by *Mahler* and RPC 1.5

## IX. Conclusion

The defendants refuse to present affidavits in support of lodestar attorney fees as required by *Mahler*. The attempt to collect amount prohibited by law violates the FDCPA 15 USC 1692f(1); *FTC official commentary, 53 Fed. Reg. 50107-50108; 155 USC 1692e(2)(B).* The declaration in support of default was false and misleading as to the right to collect the debt and the amount of the

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS -29

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

alleged debt.  Defendants litigation conduct in demanding is a violation fo the

FDCPA which occurred before any judgment was entered, Congress explicitly

recognized the inadequacy of state procedures and therefore made litigation

conduct actionable. Plaintiff Webb has not asked this court to vacate the state court

judgment[2]. See *Heintz v Jenkins*. The judgment is irrelevant. The conduct

complained of was in the actions of the defendants before the judgment, especially

the affidavit for default.


     *Michael D. Kinkley P.S.*


     s/Michael D. Kinkley
      Michael D. Kinkley
      WSBA # 11624
      Attorney for Plaintiff
      4407 N. Division, Suite 914
      Spokane, WA 99207
      (509) 484-5611
      Fax: (509) 484-5972
      mkinkley@qwest.net

---

[2] The state court is being asked to vacate the judgment, independent of this federal lawsuit.

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -30

CM/ECF

I hereby certify that on the 15th day of June, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:


Michael D. Kinkley          mkinkley@qwestoffice.net, pleadings@qwestoffice.net

Carl Hueber                 ceh@winstoncashatt.com

John Munding                munding@crumb-munding.com


*Michael D. Kinkley P.S.*


s/Michael D. Kinkley
Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
Fax: (509) 484-5972
mkinkley@qwestoffice.net

RESPONSE TO DEFNDANTS'
MOTION TO DISMISS  -31