JOHN D. MUNDING
CRUMB & MUNDING, P.S.
The Davenport Tower
111 S. Post Street, PH 2290
Spokane, WA 99201
(509) 624-6464

Attorneys for Defendant
Unifund CCR Partners, LLC.
and Kim Kenney

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON AT SPOKANE

| | |
|---|---|
| EMERSON WEBB; and all others similarly situated,<br><br> Plaintiff,<br><br>v.<br><br>UNIFUND CCR Partners, *et al.*<br><br> Defendants. | **Case No. 2:09-cv-00081-LRS**<br><br>DEFENDANTS' UNFUND CCR PARTNERS' AND KIM KENNEY'S REPLY IN SUPPORT MOTION FOR DISMISSAL |

Not surprisingly, Plaintiff argues that he needs discovery to develop his claims. No amount of discovery can change that Plaintiff's claims all fail as a matter of law. The purpose of a motion to dismiss under Rule 12(b)(6) is to "streamline litigation by dispensing with needless discovery and fact finding." *Neitzke v. Williams*, 490 U.S.

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 1

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

319, 326-27, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989). Such a motion allows the court to dismiss actions that are fatally flawed in the legal premises and destined to fail, thereby sparing litigants the burden of unnecessary pretrial and trial activity. *Advanced Cardiovascular Sys., Inc. v. Scimed Life Sys., Inc.,* 988 F.2d 1157, 1160 (Fed. Cir. 1993). That is exactly the case here. As discussed below, Plaintiff failed to address many of Unifund's arguments and authority, failed to distinguish the authority he did address, and failed to state a claim upon which relief may be granted.

I. **UNIFUND IS PROPERLY REGISTERED TO COLLECT DEBT IN THE STATE OF WASHINGTON**

A. **Unifund is registered to collect debt with the Department of Licensing.**

Contrary to Plaintiff's allegations in Paragraphs 9.6 and 9.7 of his Complaint, Unifund's Memorandum conclusively shows that it is and was at all relevant times registered as a collection agency in the State of Washington. (Memorandum at 6, Doc. 11.) This information was publicly available to Plaintiff from the Department of Licensing (including on the Department of Licensing's website) when Plaintiff filed his Complaint, but he ignored it. In light of Plaintiff's clearly unsupported allegations in his Complaint, he did not further dispute Unifund's registration as a collection agency in his Response to Unifund's Memorandum. Therefore, it is beyond dispute that the status of Unifund's registration as a collection agency cannot support a claim under the FDCPA, WCAA, or WCPA.

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 2

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

**B. To collect debt, Unifund is not required to register as a foreign corporation.**

Unifund's Memorandum also conclusively shows that its collection agency license is the only license it needs to collect debt. (Memorandum at 6, Doc. 11.) Plaintiff's entire argument to the contrary is that Unifund did not also register as a foreign corporation under RCW § 23B.15.010(1). However, as set forth below, a debt collector is not required to register under that statute because collecting debt (and bringing lawsuits) does not constitute "transacting business." Moreover, as a general partnership, Unifund would not be required to register under that statute for any purpose.

The statute upon which Plaintiff relies, RCW § 23B.15.010(1), provides that a corporation "may not transact business in this state until it obtains a certificate of authority from the secretary of state." Pursuant to RCW § 23B.15.010(2):

> (2) The following activities, among others, do not constitute transacting business within the meaning of subsection (1) of this section:
>
> (a) Maintaining or defending any action or suit or any administrative or arbitration proceeding, or effecting the settlement thereof or the settlement of claims or disputes;
>
> . . .
>
> (h) Securing or collecting debts or enforcing mortgages and security interests in property securing the debts;

RCW § 23B.15.010(2)(a); RCW § 23B.15.010(2)(h).

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 3

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Plaintiff does not contend that Unifund did anything more in Washington than collect debt. Plaintiff's entire Complaint is based on Unifund's lawsuit to collect his debt. Accordingly, under the plain language of the foregoing statutes, Unifund did not "transact business" in Washington and was not required to register as a foreign corporation with the Secretary of State. *See Falklands Investments, Ltd. v. Lipaev*, 2003 WL 22073070 (Wash.App. Div. 1).

### C. As a general partnership, Unifund is not required to register as a foreign corporation.

Additionally, as Unifund's Memorandum makes clear, Unifund CCR Partners, a general partnership, is not required under Washington law to register as a foreign corporation. (Memorandum at 6, Doc. 11.) Plaintiff did not cite any authority to the contrary. Indeed, Plaintiff's Complaint alleged that Unifund CCR Partners, the named defendant in this action, is a limited liability company required to register, but Unifund's publicly available collection agency registration shows that it is a general partnership with two general partners. General partnerships are not required to register as foreign corporations. (Memorandum at 6, Doc. 11, and *see* RCW §§ 23B.01.400(13) and 23B.15.010.)

Plaintiff's only further attempt at rebuttal was to attach to his attorney's Declaration an inactive corporate registration for a Unifund entity. However, that entity is "Unifund Corporation," not Defendant Unifund CCR Partners, the entity

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 4

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

registered to collect debt in the State of Washington. (Kinkley Declaration at 13-14, Doc. 16.) The inactive status of a separate, non-party entity which did not seek to collect Plaintiff's debt is irrelevant.

The bottom line is that Unifund is properly registered to collect debt in this state. Accordingly, there is no legal basis for Plaintiff's claim that Unifund's registration status somehow gives rise to a claim under the FDCPA, WCAA, or WCPA. No amount of discovery can save Plaintiff's claim.

## II. THE KENNEY AFFIDAVIT IS NOT ACTIONABLE AS FALSE OR MISLEADING

### A. The sufficiency of an affidavit is a matter of state law, and cannot give rise to an FDCPA violation.

Deciding a 12(b)(6) motion to dismiss, a District Court already held as a matter of law that Kim Kenney's affidavit does not give rise to an FDCPA claim by, as here, having been attached to state court collection pleadings. (Memorandum at 9, Doc. 11; *Rosales v. Unifund CCR Partners*, No. 08 C 3533, 2008 WL 5156681 (N.D. Ill. Dec. 5, 2008).) The crux of Plaintiff's argument is that Ms. Kenney did not have personal knowledge of certain facts asserted in her affidavit filed in Unifund's state court collection suit. Even if true (which it is not), *Rosales* held that lack of personal knowledge supporting an affidavit is a procedural defect under state law. *Rosales* explained that the admissibility of the affidavit may be challenged in state court, and

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 5

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

the affidavit may be excluded if truly lacking in personal knowledge, but such a lack of knowledge does not give rise to an FDCPA claim.

Plaintiff did not even discuss *Rosales* in his Response. Nor did he cite any authority holding that an affidavit lacking in personal knowledge is a false or misleading act giving rise to FDCPA liability. Here, as throughout his Response, Plaintiff cited numerous authority for general propositions of law, but failed to tie those propositions to the allegations in his Complaint.

**B.     Plaintiff failed to adequately plead that Ms. Kenney's affidavit was false or misleading.**

Indeed, as set forth on pp. 7-8 of Unifund's Memorandum, the allegations in Plaintiff's Complaint do not give rise to FDCPA liability. Plaintiff specifically pled that Unifund misled him by claiming different amounts of interest, including in Ms. Kenney's affidavit. That unsupported argument is addressed in Section IV below.

Otherwise, except to raise questions about Unifund's right to collect the debt (discussed below), Plaintiff did not specifically plead how the affidavit is false. Nowhere did Plaintiff plead that Citibank did not issue him the applicable credit card or that he did not incur the debt. (Memorandum at 7, Doc. 11.) Likewise, he did not plead that Ms. Kenney failed to rely on information supplied to Unifund by Citibank or, contrary to the authority Unifund cited, that she could not legally do so. (Memorandum at 8, Doc. 11.)

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 6

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Instead, Plaintiff argued in his Response that he stated a claim based on Ms. Kenney's affidavit because Unifund failed in the affidavit to provide sufficient information establishing its right to collect the debt. That argument is wrong.

As set forth in Unifund's Memorandum at p. 8, n.1, Washington law provides that the assignment of a claim to a validly licensed debt-collector "shall be conclusively presumed valid, if the assignment is filed in court with the complaint, unless objection is made thereto by the debtor in a written answer or in writing five days or more prior to trial." R.C.W. § 19.16.270. Plaintiff did not plead that he challenged the assignment in the Collection Action. In fact, he did not do so, having had a default judgment taken against him for failure to appear. Plaintiff even attached to his attorney's Declaration in this case the unchallenged assignment documents Unifund filed with the state court forming the basis of the default judgment taken against him. (Kinkley Declaration at 5-8, Doc. 16.) Those documents demonstrate the unchallenged and "conclusively presumed" assignment of Plaintiff's debt to Defendant Unifund CCR Partners.[1]

---

[1] Plaintiff alleges that he does not understand the assignment documents so, therefore, they must be false. There is no basis in law for that argument and, in any event, Plaintiff should have challenged the assignment documents in state court. If this case progresses past Unifund's Motion to Dismiss, Unifund will submit additional

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

The presumption established by R.C.W. § 19.16.270 further demonstrates why *Rosales* was correctly decided and why the same rationale applies here. As the statute makes clear, whether Unifund introduced sufficient proof in the Spokane County evidence to the Court further demonstrating what the assignment documents attached to Plaintiff counsel's Declaration already show: that on August 29, 2007, Unifund's purchasing entity, Unifund Portfolio A, LLC ("Port A"), purchased Plaintiff's debt from Citibank; that on August 30, 2007, Port A sold the debt to Cliffs Portfolio Acquisition I, LLC ("Cliffs"), a purchasing entity for Palisades Collection LLC ("Palisades"); and that, pursuant to standing, "forward flow" assignments of debt between Cliffs and Palisades (dated May 28, 2003) and between Palisades and Unifund CCR Partners (also dated May 28, 2003), Unifund is entitled to collect debt Palisades purchases from Port A, including Plaintiff's account, on an ongoing basis without executing additional assignment documents after every sale. Upon Port A's purchase of Plaintiff's debt, Citibank sent Unifund an electronic file with Plaintiff's account data, including the allegedly false information set forth in Kim Kenney's affidavit. All of this information would have been readily available to Plaintiff in discovery had he simply appeared, instead of defaulting, in the state court collection action.

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 8

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Superior Court, and the circumstances under which Unifund's proof may be challenged, is entirely a matter of state law. If Unifund failed to do so, the state court would have refused to enter a default judgment. Instead, satisfied with Unifund's proof, the state court entered a default judgment in Unifund's favor. There is no basis under federal law to now collaterally attack that judgment or the state law rationale which underlies the judgment.[2] Whether Unifund has sufficient proof to collect the debt is a matter for the state court to decide, and any failure to do so is not a federal violation.

### III. THE STATE COURT AWARD OF ATTORNEYS FEES WAS PROPER AND NOT OTHERWISE SUBJECT TO COLLATERAL ATTACK

**A. Plaintiff did not address three independent grounds why his attorney fee claim fails as a matter of law.**

Unifund set forth four independent grounds for dismissing Plaintiff's claim that it sought an unlawful attorney fee. (Memorandum at 9-12, Doc. 11.) Any one of those grounds, by itself, requires that Plaintiff's claim be dismissed. Plaintiff completely failed to address three of those grounds. He did not address the authority Unifund cited which holds that: 1) the reasonableness of an attorney fee cannot form the basis of an FDCPA claim; 2) a request for attorneys fees in a pleading cannot form

---

[2] *See also Rooker-Feldman* discussion in Section III below. The same rationale applies here.

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 9

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

the basis of an FDCPA claim; and 3) Unifund may seek attorneys fees based on the contract Plaintiff made with Citibank, the credit card issuer. (Memorandum at 11-12, Doc. 11.) Each of those grounds independently entitle Unifund to relief, and they are unrebutted.

### B. Plaintiff's attorney fee claim is also barred by *Rooker-Feldman*.

Plaintiff spent eleven pages rebutting Unifund's *Rooker-Feldman* argument, the fourth independent basis on which Unifund is entitled to relief on Plaintiff's attorney fee claim. Plaintiff's FDCPA claim arises directly from the state court's judgment awarding attorneys fees to Unifund. As the losing party in state court, Plaintiff now seeks what amounts to appellate review of the judgment. Although Plaintiff correctly notes that independent acts may, in some circumstances, form the basis of a federal claim which would not be barred by *Rooker-Feldman*[3], an action based on the state court's decision to award attorneys fees is not such a circumstance. This Court cannot address whether an FDCPA violation occurred without addressing the propriety of the state court's decision itself. Accordingly, any alleged damage is inextricably intertwined with the judgment and is barred under *Rooker-Feldman*.

The Seventh Circuit Court of Appeals recently held that *Rooker-Feldman* bars federal courts from hearing an FDCPA claim under the exact same circumstances.

---

[3] *See, e.g., Sprinkle v. SB&C Ltd.*, 472 F.Supp.2d 1235 (W.D. Wash. 2006).

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

*Kelley v. Med-1 Solutions, LLC*, 548 F.3d 600 (7th Cir. 2008). In *Kelley*, just like here, plaintiffs claimed that defendants violated the FDCPA by improperly seeking and ultimately recovering attorneys fees. Like Plaintiff in this matter, the *Kelley* plaintiffs argued that their claims arose independently of the state court judgment because their lawsuit sought to remedy only the representations and requests related to attorneys fees and not the fact that the state court awarded attorneys fees. *Kelley*, 548 F.3d at 603-604.

The Seventh Circuit rejected this argument, holding that, because the defendants needed to prevail in state court in order to be awarded attorneys fees, the federal court "could not determine that defendants' representations and requests related to attorney fees violated the law without determining that the state court erred by issuing judgments granting the attorney fees." *Id.* at 605. The Seventh Circuit held that "even in light of the Supreme Court's narrowing of *Rooker-Feldman* in *Exxon Mobile*, we conclude we are still barred from evaluating claims such as this one, where all of the alleged improper relief was granted by state courts." *Id.*[4] *Kelley* is indistinguishable from Plaintiff's claims, and the result should be the same.

---

[4] *See also, Witt v. Westfield Acceptance Corp.*, 2002 WL 826372 (S.D. Ind. 2002) (FDCPA claim based on request or collection of any charges in excess of those provided by law barred under *Rooker-Feldman*).

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 11

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

The Second Circuit agrees. *See Kropelnicki v. Siegel*, 290 F.3d 118 (2nd Cir. 2002). In that case, plaintiff brought an FDCPA claim alleging, among other things, that the defendants made certain misrepresentations in connection with a collection action that resulted in a default judgment being entered against her. Like the plaintiffs in *Kelley* and in the present case, Kropelnicki claimed that she was not attacking the state court's judgment, only the pre-litigation activities of defendants. The Second Circuit held that the claim was inextricably intertwined with the state court judgment because, were the court to accept plaintiff's argument, the "ruling would effectively declare the state court judgment fraudulently procured and thus void. This is precisely the result that the *Rooker-Feldman* doctrine seeks to avoid." *Id.* at 128-129.

Like the plaintiffs in both *Kelley* and *Kropelnicki*, Plaintiff in this case seeks to avoid *Rooker-Feldman* by recasting his claims as federal claims independent of the state court judgment. However, it is clear that any adjudication of the issue of whether attorneys fees were improperly requested or recovered cannot be carried out without this Court examining whether the state court's decision to award such fees was proper. Accordingly, Plaintiff's FDCPA claim is inextricably intertwined with the state court judgment and is barred by *Rooker-Feldman*.

### IV. UNIFUND CLAIMED AN APPROPRIATE INTEREST RATE AS A MATTER OF LAW

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 12

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

Except to provide examples of what Plaintiff termed "debt padding," his Response does not even mention his claim that Unifund violated the FDCPA by first seeking interest at a higher rate, and then at a lower rate. He did not rebut Unifund's argument at pp. 12-14 of its Memorandum that Unifund was entitled under Plaintiff's agreement with the national bank card issuer Citibank to seek interest at the higher rate specified in that agreement (the "Contract Interest Rate"). The Affidavit of Indebtedness was not misleading because Unifund, as the successor-in-interest to a national bank, was entitled to seek interest at the same rate as could the issuing bank. *See Munoz v. Pipestone Fin., LLC*, 513 F.Supp.2d 1076, 1079 (D.Minn. 2007).

At p. 24 of his Response, Plaintiff even cited a case holding that "[i]n the absence of an express agreement, an amount [including interest] is 'permitted by law' if a state statute authorizes or allows the fees or charges in question." Plaintiff then ignored that the express cardholder agreement cited in his Complaint allows Unifund to charge interest at the rate set forth in the Affidavit of Indebtedness.

Neither did Plaintiff rebut Unifund's argument that its later decision to seek interest at the lower statutory rate (the "State Interest Rate") was not misleading or otherwise in violation of the FDCPA. Instead, Plaintiff simply cited additional authority at pp. 24-25 holding that a charge must be authorized by contract or by state

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 13

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

law. Here, however, as shown by the documents referenced in the Complaint, Unifund only sought interest at rates authorized both by contract and by state law.

As Unifund explained, but Plaintiff refused to address, Unifund was entitled as a matter of law to seek the Contract Interest Rate and then, during litigation, at the lower State Interest Rate. Plaintiff did not cite any authority to the contrary. Accordingly, Plaintiff's claim that Unifund falsely represented or otherwise sought an unlawful interest rate must be dismissed.

## V. PLAINTIFF'S WASHINGTON STATE LAW CLAIMS ARE BARRED BY RES JUDICATA

Plaintiff did not even mention the *Pederson* case Unifund discussed at pp. 14-15 of its Memorandum. *Pederson v. Allied Credit Cos.*, 112 Wash.App.1046 (2002). That case held that WCAA and WCPA claims must be dismissed on res judicata grounds where, as here: 1) they are brought in a separate action instead of in a collection action; 2) in which a judgment was entered; and 3) concern the same transaction as the collection action. As Unifund explained, *Pederson* is indistinguishable from Plaintiff's case and the result should be the same.

Plaintiff spent several pages discussing why FDCPA claims are not compulsory counterclaims in a collection lawsuit. That is irrelevant. Unifund did not argue that Plaintiff's FDCPA claims should be dismissed on res judicata grounds. Instead, based on clear Washington case law, Unifund argued that Plaintiff's claims under the

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

WCAA and WCPA must be dismissed on that basis. Unifund's case law is unrebutted.

## VI. PLAINTIFF OTHERWISE FAILED TO STATE A CLAIM UNDER WASHINGTON LAW

Even aside from the res judicata bar to Plaintiff's state law claims, he failed to state a claim for relief under the WCAA and WCPA. (Memorandum at 16-18, Doc. 11.) These claims are primarily based on Plaintiff's assertion that Unifund is not properly licensed. As set forth above, that claim fails as a matter of law. In his Response, Plaintiff did not otherwise tie any specific allegations in his Complaint to a violation of the WCAA and WCPA. To the extent he relies on his allegations purportedly showing an FDCPA violation, that reliance fails for the same reasons he failed to state a claim under the FDCPA. Those reasons are addressed in Unifund's Memorandum and otherwise in this Reply.

## VII. THE STATE LAW CLAIMS AGAINST KIM KENNEY AS A UNIFUND EMPLOYEE MUST BE DISMISSED

Plaintiff did not address the authority Unifund cited which holds that he may not pursue his state law claims against Kim Kenney as an individual. (Memorandum at 18-19, Doc. 11.) Unifund's authority is unrebutted. As an "employee" of Unifund,

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 15

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155

which Plaintiff clearly alleged, Ms. Kenney is not subject to suit under the WCAA and WCPA. Plaintiff's state law claims against Ms. Kenney must be dismissed.

## CONCLUSION

For the reasons set forth in Unifund's Memorandum and as set forth above, Plaintiff failed to state a claim upon which relief may be granted. No amount of discovery can save his claims, which should be dismissed as a matter of law.

DATED this 19 day of June, 2009.

CRUMB & MUNDING, P.S.

JOHN D. MUNDING, WSBA #21734
Attorneys for Defendants Unifund CCR
Partners and Kim Kenney

REPLY IN SUPPORT OF
MOTION FOR DISMISSAL - 16

CRUMB & MUNDING, P.S.
THE DAVENPORT TOWER
111 S. POST STREET, PH 2290
SPOKANE, WA 99201
(509) 624-6464
FAX (509) 624-6155