UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | | |
|---|---|---|
| EMERSON WEBB, and all others similarly situated, | ) ) ) | NO. CV-09-0081-LRS |
| Plaintiff, | ) ) | **ORDER GRANTING DEFENDANT** |
| -vs- | ) ) | **UNIFUND'S MOTION TO DISMISS** |
| UNIFUND CCR Partners, et al., | ) ) | |
| Defendants. | ) ) | |

**BEFORE THE COURT** is Plaintiff Emerson Webb's Motion to Strike Portion of DR 12, "Declaration of John Munding,"(**Ct. Rec. 15**), and Defendant Unifund CCR Partners' ("Unifund") Motion to Dismiss (**Ct. Rec. 10**). A telephonic hearing was held September 10, 2009. Michael Kinkley participated on behalf of the Plaintiff; John Munding and Charles Huber participated on behalf of Defendants. The Court having considered the oral and written argument of counsel, enters this order to supplement and memorialize the oral rulings of the Court.

### I. BRIEF STATEMENT OF THE CASE

This is a Fair Debt Collection Practices Act ("FDCPA") Class Action which sets forth three causes of action: 1)FDCPA; 2) Washington Consumer Protection Act ("WCPA") violation; and 3) Washington Collection Agency Act ("WCAA"). This is a lawsuit wherein Plaintiff's allegations arise

ORDER - 1

from a state-court collection lawsuit brought by Defendant Unifund. In the state collection action, Unifund sought interest on the Plaintiff's debt at the statutorily prescribed rate. Unifund also provided the sworn affidavit of its employee, Defendant Kim Kenney, which stated that Plaintiff owed the debt and that Unifund had the right to collect the debt. Unifund also sought a $650.00 attorney's fee. A default judgment was entered in state court in Defendant Unifund's favor for $8,666.80 (principal plus interest) and the judgment specifically awarded Unifund $650.00 for reasonable attorney's fees.

## II. DISCUSSION

### A.   Defendant's Motion to Dismiss

The Plaintiff has various contentions in his Complaint which are briefly summarized as follows: 1) the state court judgment is void or voidable; 2) the service of process was improper in the state court lawsuit; 3) Ms. Kenney's affidavit was signed lacking personal knowledge; 4) Defendant Unifund was not authorized to collect debts in Washington state; 5) attorney's fees in the amount of $650.00 in the state court judgment were improper; and 6) the debt sought through the state court lawsuit was not owed or not owed in the amount stated.

Defendant Unifund asserts that any alleged damage claimed by Plaintiff is inextricably intertwined with the state court judgment and is barred by the *Rooker-Feldman* doctrine. Further, Defendant Unifund lawfully sought to collect a debt and was properly licensed as an out-of-state collection agency. Finally, Defendant Unifund alternatively argues that Plaintiff's contentions and claims could have and should have been brought in the state collection action and are barred by the doctrine of res judicata.

ORDER - 2

**B.    Plaintiff's Motion to Strike Munding Declaration**

Plaintiff moves to strike the Declaration of John Munding based on his alleged lack of personal knowledge. Defendant Unifund responds that it is unnecessary for Mr. Munding to have personal knowledge of the contents of the documents and that Defendant is not relying on Munding to prove truth of matter asserted. Rather, as Defendant Unifund notes, Munding simply attests to his personal knowledge that the documents are true and correct copies of official public records of which this Court may take judicial notice.

Defendant Unifund additionally asserts that *Rosales v. Unifund CCR Partners*, 2008 WL 5156681 (N.D.Ill. Dec. 5, 2008) stands for the proposition that an affidavit may be excluded if truly lacking in personal knowledge, but such lack of knowledge does not give rise to an FDCPA claim.

**C.  Legal Standard - Motion to Dismiss**

In reviewing a motion to dismiss under Fed. R. Civ. P. 12(b)(6), a court may grant a dismissal for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Keniston v. Roberts,* 717 F.2d 1295, 1300 (9th Cir. 1983) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Dismissal can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable theory." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1988).

On a motion to dismiss, material allegations of the complaint are taken as admitted and the complaint is to be liberally construed in favor of the plaintiff. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969), reh'g

ORDER - 3

denied, 396 U.S. 869 (1969); *Sherman v. Yakahi*, 549 F.2d 1287, 1290 (9th Cir. 1977). *Haines v. Kerner*, 404 U.S. 519 (1972), reh'g denied, 405 U.S. 948 (1972). To the extent matters outside the Complaint are considered by the Court, a motion to dismiss should be treated as a motion for summary judgment under Fed. R. Civ. P. 56. Although Defendant Unifund has submitted declarations in this case, the Court finds that the declarations simply reference state court documents as being true and correct copies of official public records, thus adding nothing factual to the record. Further, the Court takes judicial notice of the supporting documents introduced through the Munding declaration. Therefore, the motion is properly considered under the Rule 12(b)(6) standard.

**IT IS ORDERED** that:

1. Plaintiff's Motion to Strike, **Ct. Rec. 15**, is **DENIED** for the reasons stated above and at the hearing.

2. Defendant Unifund's Motion to Dismiss, **Ct. Rec. 10**, is **GRANTED** based on the applicability of the *Rooker-Felman* doctrine[1] and for the reasons stated on the record.

3. The District Court Executive is directed to:

    (a) ENTER THIS ORDER;

    (b) PROVIDE A COPY TO COUNSEL OF RECORD;

    (c) ENTER JUDGMENT CONSISTENT WITH THIS ORDER; and

---

[1] *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983). The *Rooker-Feldman* doctrine, as recently described by the Supreme Court, bars federal actions "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005).

ORDER - 4

(c) **CLOSE THIS FILE.**

IT IS SO ORDERED. The District Court Executive is directed to enter this order and to provide copies to counsel.

DATED this 21st day of September, 2009.

*s/Lonny R. Suko*

_____
LONNY R. SUKO
CHIEF UNITED STATES DISTRICT JUDGE

ORDER - 5